**PINKSTON v. WILLS et al.**

No. 13757.

Court of Civil Appeals of Texas. Dallas.
Feb. 7, 1947.

Rehearing Denied March 14, 1947.

Jack Pinkston, of Dallas, in pro. per.

E. A. Landman, of Athens, for appellees.

BOND, Chief Justice.

This appeal is from an order overruling appellant Jack Pinkston's plea of privilege. The parties will be designated as in the trial court.

On April 3, 1946, plaintiff Mrs. H. W. Wills, in her individual capacity, joined pro forma by her husband, H. W. Wills, filed suit in the District Court of Henderson County, Texas, against Jess Sweeten, sheriff of that county, vouching into the suit The Employers Liability Assurance Corporation, Ltd., surety on the sheriff's official bond, and Jack Pinkston of Dallas County, jointly and severally, for damages growing out of a levy of execution on property alleged to have been owned by Mrs. Wills as her separate estate and sold to satisfy a judgment obtained by Transportation Insurance Agency against her husband H. W. Wills.

The petition alleges that the sheriff levied upon and sold plaintiff's property and that the defendant Pinkston "caused" said levy and sale to be made, without relating any fact justifying the alleged conclusion that said defendant "caused" the damage. The defendant Pinkston timely filed his exceptions and plea of privilege to be sued, if at all, in Dallas County, the place of his residence. Plaintiff failed to file her controverting affidavit under Rule 86, Texas Rules of Civil Procedure, "within ten days after appearance date;" and because of such failure, on June 1, 1946, defendant Pinkston filed a motion for the trial court to sustain his plea of privilege and transfer the cause as to him to a district court of Dallas County. Whereupon, plaintiff moved the court to allow her to file a belated controverting affidavit and to set June 13, 1946, for the filing of such plea, on the ground that she and her attorney had no notice of the filing of the plea of privilege and that Pinkston had not furnished either of them with copy thereof.

In limine, and without notice to the defendant, the court overruled defendant's motion for transfer of the cause, granted plaintiff leave to file her belated controverting affidavit and set the time for filing of such plea for June 13, 1946. On June 10, 1946, the plaintiff in her individual capacity, joined pro forma by her husband, filed a controverting affidavit averring therein "that they have good reason to believe and they do believe, and so allege that defendant's said plea is not correct, and that this court has venue of this cause and of the person of the defendant Jack Pinkston on the following grounds and reasons, to-wit: * * *." Then they set out the grounds on which plaintiff relies for venue in Henderson County: (1) Under section 4, Article 1995, R.S., in that, plaintiff's suit is against Jess Sweeten of Henderson County and Jack Pinkston of Dallas County and that they, as joint defendants, on March 23, 1946, took charge of and sold certain merchandise belonging to Mrs. H. W. Wills and did unlawfully convert same to their own use and benefit; and (2) under section 9 of the statute, that the defendants jointly committed a trespass in Henderson County against the property of plaintiff. Attached to the controverting plea was the following affidavit, eliminating formal facts: "Plaintiffs * * * say that the above controverting plea is true in substance and in fact." Signed and sworn to before a notary public.

It will be observed that the plea and affidavit are based on affiants having "good reason to believe and they do believe" and so allege that defendant's plea is not correct; and so, on such belief, affiants allege that the district court in Henderson County has venue of the suit under the related statutes. It may be altogether true that the affiants had "good reason to believe" and "do believe" and "so believing" defendant's plea is untrue; and, yet, their promptings may have been such as not to be direct and unequivocal as to the facts sworn to. As indicated by our Supreme Court in the Belo-Blanton case, 133 Tex. 391, 129 S.W.2d 619, the affidavit purporting to controvert such plea of privilege must be direct, unmistakable and unequivocal as to the facts sworn to. The affidavit must be sufficiently definite that, if untrue, the affiants would be subject to prosecution for perjury. "The allegations of fact in the ordinary affidavit must be on the knowledge of the affiant. In other words, the affiant must swear to the truth of his statements and not according to his knowledge and belief." 2 Tex.Jur. 363, sec. 23. In Graham v. McCarty, 69 Tex. 323, 7 S.W. 342, 345, an affidavit that the allegations are true "to the best of his knowledge [or information] and belief" was held fatally defective.

In due order the defendant challenged the sufficiency of plaintiff's controverting plea and the evidence as raising an issue of fact to maintain venue as to him in Henderson County, and presents the necessary points for review. We think the points urged should have been sustained.

The rule seems to be well settled in this State that, in order to maintain venue of a suit against an out-of-county defendant on the ground that a codefendant resides in the county where the suit is pending, it must be shown, at least prima facie, that the plaintiff has a cause of action against the resident defendant and that the

nonresident defendant is either a necessary or proper party to the suit; or that the nonresident defendant committed a trespass against plaintiff and his property in the county where the suit was brought. To maintain venue as to the nonresident defendant, there must be shown a prima facie cause of action in favor of the plaintiff against the resident defendant as well as against the nonresident; at least, a cause to the extent of showing a cause of such a nature that the out-of-county defendant, claiming his privilege to be sued elsewhere, is properly joined as a necessary or proper party, or that the nonresident is jointly or severally liable with the resident defendant. In general, the venue statute, R. S. art. 1995, sec. 4, providing "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides," contemplates that the plaintiff has a cause of action against the resident as well as against the nonresident. If a plaintiff cannot maintain a suit against either of the defendants, as here, or the suit is severable and the nonresident not a necessary or proper party to the cause of action, the suit as against the nonresident, as against his plea of privilege, is not maintainable outside of the county of his residence.

■ Furthermore, the statute, R.S. art. 1983. authorizes the husband to bring suit for the recovery of the wife's separate property, or damages for the conversion of the wife's property, or damages for the destruction of the wife's property; hence plaintiff, a married woman, seeking judgment against all of the defendants for $1,267.20 with interest and costs of suit as actual damages for the value of her property sold under execution, and for loss of her income in operation of her feed store, and praying that she alone "have judgment against Jess Sweeten, Jack Pinkston and The Employers Liability Assurance Corporation, Ltd., jointly and severally, for all of her damages as alleged" she is not a sui juris. Therefore, neither of the defendants is liable in the suit of Mrs. H. W. Wills for damages, if any, arising out of conversion of her separate estate and loss or destruction of her business. "Whatever loss of credit and standing as such

merchant or destruction of business that may have been sustained, the damages therefor were community property, and recoverable only by her husband, with whom she was living at the time the goods were levied on by the sheriff as his property." Ainsa v. Moses, Tex.Civ.App., 100 S.W. 791, 792. See R.S.1925, Art. 1983.

■ Then, too, where there is a valid judgment and issuance of process for its enforcement, the plaintiff in execution is not liable in the manner in which the sheriff executes the process, unless such judgment plaintiff, or its managing officers direct a wrongful execution or participate therein. Longcope v. Bruce, 44 Tex. 434; Miller et al. v. Dunagan, Tex.Civ.App., 123 S.W.2d 363; Ainsa v. Moses, supra.

■ It will be seen from the record here presented that plaintiff does not in pleadings or proof challenge the validity of the judgment or writ of execution under which the property was seized; there is no contention that defendant Pinkston was present when the plaintiff's place of business, if it was her place of business, was closed and her property seized, or that Pinkston participated in or authorized the sheriff of Henderson County to levy on property now claimed to have been the separate property of the plaintiff Mrs. H. W. Wills. The only allegation connecting Pinkston with the seizure transaction is that the plaintiff "has reason to believe and does believe" that Pinkston "caused" the writ of execution to issue, without stating any particular fact on which such conclusion is based. The evidence and findings of the trial court are of similar import. The defendant Pinkston was not present and he did not participate in the levy and seizure of the involved property, other than, as manager of the judgment plaintiff Transportation Insurance Agency, he caused the judgment to be entered in favor of his principal in a justice court of Dallas County, and caused the issuance of the execution thereon and delivered to the sheriff of Henderson County with specific instructions for the sheriff to levy on property belonging only to H. W. Wills. To that end, the defendant Pinkston wrote to the sheriff under date of March 8, 1946, pertinent here: "On Octo-

ber 10, 1945, we forwarded you an execution in the above entitled and numbered cause (Cause No. 9327; ourselves vs. H. W. Wills) and you returned same to us under date of October 31, 1945, marked 'nulla bona.' We now find that at and during the time the said execution was in your hands, Mr. Wills owned and operated a feed store there in Athens, as well as having a farm which was not homestead, as well as other property out of which said judgment could have been satisfied * * *. As stated above, this notice and forbearance are purely out of courtesy to you, and are not to be construed in any other light." Again, under date March 22, 1946, Pinkston wrote to the sheriff: "When I left your office on the afternoon of March 20, 1946, you were in possession of an execution in Cause No. 9327, ourselves vs. H. W. Wills, and you assured me that the same would be levied on the stock of merchandise of feed store of H. W. Wills in your City the next morning, Thursday March 21, 1946. I really could see no reason at that time for waiting until the next morning to levy the said execution, but as I told you, I was neither running the sheriff's office, nor advising the sheriff how he should run it." These two aforesaid letters were signed: "Transportation Insurance Agency. By Jack Pinkston, Manager." So, we think there is not sufficient evidence showing that Pinkston was guilty of a trespass against plaintiff and her property committed in Henderson County as to sustain venue under section 9, supra, in that county, or that he "caused" the sheriff, if he did, to commit such trespass.

■ In appellant's first three points of error, which shall be treated together, he contends in effect that the court erred in permitting plaintiff to file her belated controverting affidavit and overruling his motion to sustain his plea of privilege and transferring the cause as to him to the county of his residence, as required under Rule 86, Vernon's Texas Rules of Civil Procedure. It is evident that this Rule, standing alone, seems to be mandatory. "If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending." However, Rule 72 makes provision that "Whenever any party files * * * any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to the adverse party or his attorney of record a copy of such pleadings, plea, or motion." And Rule 5 makes still another enlargement of Rule 86: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * *; (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act * * *." Thus it will be seen that the rules, Texas Rules of Civil Procedure, do not impost the duty upon a defendant to furnish copy of his plea of privilege to his adverse party and they do not make the provision of Rule 86, requiring plaintiff to file a controverting plea, nugatory. But the power of the court is so enlarged to permit the court in the exercise of its sound discretion in order to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" (Rule 1), to permit the filing of a belated controverting plea, where the plaintiff shows that he had no notice of the filing of the plea within the designated time.

■ In Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, it has been settled by our Supreme Court that a controverting affidavit may be filed late if plaintiff's attorney shows good cause. In the case at bar, plaintiff and her attorney not having been furnished with a copy of defendant's plea of privilege, or notice of the filing of defendant's plea of privilege, since notice is thus necessarily implicit when Rule 72 is complied with, we conclude that it was not an abuse of discretion for the trial court to permit plaintiff to file her belated controverting plea. See 5 Texas Bar Journal 426; 8 Texas Bar Journal 24.

On appellant's further points, 4, 5, 6 and 7, to the effect that the court erred in finding that defendant "caused" the sheriff to levy on and seize plaintiff's stock of merchandise, thus committing a trespass in Henderson County; and overruling defendant's plea of privilege on insufficiency of pleadings and proof, we are of the opinion that the plea of privilege should have been sustained, and as to defendant Pinkston the cause severed from the other defendants and transferred to the district court of Dallas County. It is so ordered.

LOONEY and YOUNG, JJ., concur.