## SAVAGE v. HERRIN TRANSFER & WAREHOUSE CO.

No. 12069.

Court of Civil Appeals of Texas. Galveston.

March 10, 1949.

Rehearing Denied April 7, 1949.

Robinson & Strawn, of Raymondville, and Cullen B. Vance, of Edna, for appellant.

W. Jiles Roberts, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought

by appellee, Herrin Transfer and Warehouse Company, in the District Court of Jackson County, for recovery of damages alleged to have been sustained by appellee as the result of the negligence of appellant, Jack Savage, in various particulars, which resulted in a collision between appellant's truck and truck owned and operated by appellee. Appellant, who was alleged to reside in Willacy County, Texas, filed his plea of privilege in statutory form to be sued in Willacy County, Texas, the county of his residence. In due time appellee filed its controverting affidavit in which it adopted the allegations of its amended original petition. It alleged that the allegations contained in said petition were true and correct; that the collision out of which the suit arose occurred in Jackson County, Texas, and that under and by virtue of said pleadings, coupled with the fact that said collision occurred in Jackson County, Texas, the said suit was maintained in Jackson County, Texas, under Subdivision 9 of Article 1995 of Vernon's Annotated Civil Statutes.

The Notarial Certificate to appellee's controverting plea is signed and sworn to by appellee's counsel. It reads:

"The State of Texas,
"County of Harris.

"Before me, the undersigned authority, on this day personally appeared W. Jiles Roberts, who on oath stated that he is the plaintiff's attorney of record in the above entitled and numbered cause, that he has familiarized himself with the facts set out in the foregoing controverting plea and that they are true and correct.

"Sworn to and subscribed before me, by the said W. Jiles Roberts, this 16th day of October, 1948, to certify which witness my hand and seal of office.
(L.S.)
    "/s/ Geraldine Campbell
    "Notary Public in and for Harris
        County, Texas."

Upon a hearing on appellant's plea of privilege and appellee's controverting affidavit, appellant timely presented his special exceptions to the sufficiency of the affidavit supporting appellee's controverting plea. It was established at this hearing that Billy Herrin and Fisher Crayton, employees of appellee, and appellant Jack Savage were the only persons present at the time the collision occurred. The trial court overruled appellant's plea of privilege and appellant has perfected his appeal to this court from that order.

The applicable parts of Article 1995, Vernon's Annotated Civil Statutes provide that:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"9. Crime or Trespass. A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

It has been uniformly held by the courts of this State that the dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well defined exceptions to said Article 1995 and that the burden rests upon the plaintiff in such action to allege and prove that the case comes within these exceptions. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 and authorities there cited.

The applicable part of Rule 86, Texas Rules of Civil Procedure, provides that: "If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day * * *, file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

In the instant case, the controverting affidavit was verified by appellee's counsel. It reads: "On this day personally appeared W. Jiles Roberts, who on oath stated that he is plaintiff's attorney of record in the above entitled and numbered cause, that he has familiarized himself with the facts set out in the foregoing Controverting Plea and that they are true and correct."

In the case of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, the Supreme Court of this State has held that

in order to meet the requirements of said Article 2007, V.A.C.S., which has been repealed and replaced by said Rule 86, T.R.C.P., it is necessary that a plea controverting a plea of privilege unmistakably allege that the party who swore to such plea swore to the essential facts embodied in the entire petition and that unless it does so, it is not a sufficient compliance with the rule to defeat the plea of privilege under said Article 2007.

In the case of Pinkston v. Wills, Tex. Civ.App., 200 S.W.2d 843, 845, it is held that "the affidavit purporting to controvert such plea of privilege must be direct, unmistakable and unequivocal as to the facts sworn to. The affidavit must be sufficiently definite that, if untrue, the affiants would be subject to prosecution for perjury. 'The allegations of fact in the ordinary affidavit must be on the knowledge of the affiant. In other words, the affiant must swear to the truth of his statements and not according to his knowledge and belief.'"

■ In 2 Tex.Jur. 364, Sec. 23, it is said that "An affidavit containing only hearsay will not be considered, for it is of no effect. Thus an allegation that affiant is informed that certain facts transpired, by the statements of persons who saw them, is defective; and so is an affidavit that sets forth facts which it is apparent could not be known to the affiant of his own personal knowledge. * * * Similarly, an affidavit declaring that the 'matters stated * * * are charged on credible information and belief therein,' or one in which the affiant declares that the matters stated are true as far as his knowledge goes, is insufficient."

In the case of C. F. Lytle Co. v. Preston et al., Tex.Civ.App., 175 S.W.2d 440, 442, the court basing its opinion on the holding of our Supreme Court in the case of A. H. Belo Corporation v. Blanton, supra, said: "It is imperative under the rules of procedure that the controverting affidavit set out facts, and not legal conclusions, relied upon to confer venue upon the court where suit is pending. * * * It must unmistakably appear that the one who swore to the controverting plea verify the whole instrument, and if the original petition becomes a part of the controverting plea by reference thereto or adoption by the pleader, the affiant must likewise definitely swear to the truth of the facts alleged therein."

■ The affidavit under consideration in the instant case is obviously based upon facts with which the affiant "familiarized" himself from other sources. The record reflects that he was not present at the time the collision occurred and the affidavit does not disclose to what extent the affidavit was based upon representation from other sources, nor does the affidavit state the reasons which prompted the affiant to believe the representations to be true. Our Supreme Court in the Belo-Blanton case supra, has definitely held that it must be made to appear from the affidavit that it was based upon facts within affiant's knowledge, and that it must be sufficiently definite that, if untrue, the affiant would be subject to prosecution for perjury. C. F. Lytle Co. v. Preston et al., Tex.Civ.App., 175 S.W.2d 440, 2 Tex. Jur. 360, Sec. 221; American Mortgage Corp. v. Smith, Tex. Civ.App., 35 S.W.2d 1092; Uvalde Construction Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203.

Article 302 of the Penal Code of Texas defines perjury as being a false statement deliberately and wilfully made relating to something past or present under the sanction of an oath.

■ In 32 Texas Jurisprudence, page 781, it is said that to constitute perjury the statement sworn to must be one of fact and not of opinion as to the legal effect of certain facts.

In the case of Griffin v. State, 137 Tex. Cr.R. 231, 128 S.W.2d 1197, the court of Criminal Appeals, interpreting said Article 302 of the Penal Code held that an affidavit made on information and belief would not support an indictment for perjury if it was shown that the affiant did not have good reason to believe the facts stated.

It is obvious from the language in the controverting plea that the affiant had no personal knowledge of the facts upon which the affidavit was based, and that affiant, appellee's counsel, who swore to the plea, did no more than swear that he had learned the facts alleged from other sources.

In the absence of a proper verification of the facts plead in appellee's controverting affidavit, appellant's plea of privilege, duly verified, was, we think, prima facie proof of his right to have the case transferred to Willacy County, the county of his residence.

It follows that the case must be reversed and judgment here rendered directing that appellant's plea of privilege be sustained and ordering that the case be transferred to Willacy County for trial.

Reversed and rendered.