**ELLIS v. CLIFTON.**

No. 15309.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 11, 1952.

W. E. Fitzgerald, of Wichita Falls, for appellant.

Bullington, Humphrey, Humphrey & Fillmore, of Wichita Falls, for appellee.

CULVER, Justice.

This is an appeal from an order of the district court overruling appellant's plea of privilege and involves solely the application of exception 9, Article 1995, Vernon's Ann. Civ.St.

Appellee alleged that he was driving his automobile on his right hand side of the highway and following a truck which for some reason slowed its speed, and that when appellee did likewise, appellant drove his automobile into the rear of appellee's vehicle. He asserts that the appellant was negligent in (a) traveling at a high and excessive rate of speed under the circumstances, and (e) in following appellee's automobile at a distance which was unsafe under the circumstances and at the rate of speed at which he and the appellee were traveling, in violation of the Traffic Code of Texas, Article 6701d, Sec. 61(a), Vernon's Ann.Civ.St.

The appellant asserts that the evidence was wholly insufficient and was not of sufficient probative force to establish that a crime or trespass had been committed by the appellant in Archer County.

The collision occurred about 4:30 in the afternoon of December 26th. It was a rather cool day and both parties to the collision had the windows of their automobiles raised. A truck which appellee was following at a distance of approximately 100 feet began to slow down and appellee, driving approximately 45 to 50 miles per hour, slackened his speed, and was moving at from 5 to 7 miles per hour when appellant's car was driven into the rear of appellee's car with sufficient force to knock it 100 feet. The skid marks made by appellant's tires measured 40 feet. Appellant testified that prior to the collision he was following

appellee at a speed of between 50 and 55 miles per hour and at a distance of some 60 or 70 feet and that when he realized appellee was slowing down, he threw on his brakes, but could not avoid the collision. The truck driver testified that, through his rear view mirror, he saw appellant "approaching him fast, in my estimation, because he overtook him all at once." A witness, riding in the car with appellee, testified that as appellee began to slow down, he looked to the rear and saw no car approaching and then in a matter of a few seconds the collision occurred.

■ We are of the opinion that the evidence is sufficient to show negligence on the part of appellant in driving at an excessive rate of speed under the circumstances and in following appellee's car more closely than was reasonable and prudent. In fact, we are inclined to think that the testimony of appellant alone, to the effect that he was driving 50 or 55 miles per hour and following appellee's automobile at a distance of 60 or 70 feet, would be sufficient for the trial court, under the circumstances, to conclude that he was negligent. In a somewhat similar set of facts it is held in Sutherland v. Cotter, Tex.Civ. App., 226 S.W.2d 476, that the driver of a motor vehicle following another more closely than is reasonable and prudent, in violation of Article 6701d, § 61(a), commits a trespass as contemplated by Section 9, Article 1995. It is also held in this authority that excessive speed is active negligence. To the same effect are McElyea v. Bowles, Tex.Civ.App., 233 S.W.2d 482, and Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, the latter case cited with approval by the Supreme Court in Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374.

Appellant cites the case of Douglas v. Williams, Tex.Civ.App., 83 S.W. 2d 686, 688. In the first place, we point out that the case of Sutherland v. Cotter, supra, is a much later case by the same court; and, in the second place, we think the facts show conclusively that it is not in point here. There, a child had run out into the street in path of oncoming automobile. The court comments, "So is it true that a witness testified the car was moving 'very fast' at the moment of the impact. And, while 'very fast' is a purely relative term, yet, if given full import, it cannot establish the fact of a negligently excessive rate of speed, in the total absence of evidence showing the circumstances leading up to the collision or that the driver had any opportunity of slowing down after the pedestrian moved into a position of peril."

The case of Bettis v. Rayburn, Tex.Civ. App., 143 S.W.2d 1011, is also relied upon by appellant. In that case the evidence failed to raise the issue of any negligence on the part of the defendant other than his failure to keep a proper lookout, which has been held not to constitute a trespass. The court in that case expressly holds that the evidence does not present a question of fact as to whether or not driving the truck in excess of 25 miles per hour was a proximate cause of the injuries received.

The order of the court overruling the plea of privilege is affirmed.