## RED STAR FERTILIZER CO. et al.

### v.

### ZUCK.

### No. 12717.

Court of Civil Appeals of Texas.

Galveston.

May 6, 1954.

Wm. R. Brown, Houston, and H. A. Berry, Amarillo, Attys.; Baker, Botts, Andrews & Shepherd, Houston, and Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, of counsel, for appellant.

Shirley M. Helm, Albert P. Jones, and Helm & Jones, Houston, for appellee.

HAMBLEN, Chief Justice.

This is an appeal from an order of the District Court of Harris County overruling the Plea of Privilege of appellants, Red Star Fertilizer Company and Consumers Cooperatives Associated, to be sued in Potter County, the County of their residence. Appellee's suit is for damages for personal injuries alleged to have been received in a collision that occurred in Harris County between appellee's automobile and appellants' truck. The appealed-from order is attacked in two asserted points of error. This Court is of the opinion that neither point is meritorious, and both must accordingly be overruled. The material facts will be stated in the discussion of each point.

By their first point appellants contend that the controverting affidavit is based wholly upon hearsay, was a legal nullity, and the trial court erred in failing to sustain the exception thereto and in

overruling the plea of privilege. The notarial certificate to the controverting plea is as follows: "Before me, the undersigned authority, on this day personally appeared Shirley M. Helm, one of the attorneys of record for plaintiff in the above entitled and numbered cause, who, on oath, stated that he is authorized to make this affidavit on behalf of his client, and that he has read the allegations of the foregoing controverting affidavit, and that the allegations set forth therein are true and correct." Appellants levelled exceptions to the controverting affidavit. At the hearing, appellee's counsel, who had signed the affidavit, testified that it was based on the information that was gathered in the investigation, and which was presented to him. It is appellants' position that the evidence thus adduced shows conclusively that the affidavit was based on hearsay, and is thus legally insufficient under the holding of this Court in the case of Savage v. Herrin Transfer & Warehouse Co., Tex. Civ.App., 219 S.W.2d 101, 102. We do not consider our holding in the cited case to be subject to the construction for which appellants contend, nor that it is authority for the point which appellants present. The affidavit with which the court was confronted in that case is as follows: " 'Before me, the undersigned authority, on this day personally appeared W. Jiles Roberts, who on oath stated that he is the plaintiff's attorney of record in the above entitled and numbered cause, that he has familiarized himself with the facts set out in the foregoing controverting plea and that they are true and correct.' " The reasoning of the court in holding such affidavit to be insufficient, is evidenced by the following excerpt from the opinion: "It is obvious from the language in the controverting plea that the affiant had no personal knowledge of the facts upon which the affidavit was based, and that affiant, appellee's counsel, who swore to the plea, did no more than swear that he had learned the facts alleged from other sources." The court cited A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, by the Supreme Court to the effect that a controverting plea

must allege that the party who swore to it swore to the essential facts embodied in the entire petition, Pinkston v. Wills, Tex. Civ.App., 200 S.W.2d 843, holding that the affidavit must be direct, unmistakable and unequivocal and sufficiently definite that, if untrue the affiant would be subject to prosecution for perjury, and 2 Tex.Jur. 364, Sec. 23, to the effect that an affidavit containing only hearsay will not be considered, for it is of no effect. From the discussion in the opinion it is apparent that the vice in the affidavit in the Savage v. Herrin Transfer & Warehouse Co. case lay in the fact that the hearsay character of its content was apparent on the face of the instrument. We do not construe the opinion as supporting the contention of appellants that the affidavit must affirmatively show upon its face that the affiant had personal knowledge of the facts sworn to, nor their further contention that proof of the hearsay character of the affiant's knowledge which is not apparent on the face of the affidavit, as was here made, will render it legally insufficient. On the contrary, we hold that the requirements of the rule are met by an affidavit which is clear, definite and unequivocal, and that unless there is something in the affidavit itself to indicate to the contrary, we are bound to accept it for what it appears on its face to be. Such has been the holding of the San Antonio Court of Civil Appeals in Cumba v. Union Bus Lines, 229 S.W.2d 176, and the Ft. Worth Court of Civil Appeals in Evans v. Jeffrey, 181 S.W.2d 709, and such, we believe, is the correct rule of law applicable here.

Appellants by their second point assert that there was no evidence and insufficient evidence to establish the commission of a trespass or the accrual of a cause of action in Harris County. Appellee's controverting plea was predicated on both subdivisions 9 and 23 of Art. 1995, Vernon's Ann.Tex.Civ. St. The collision occurred on a bridge across Green's Bayou which formed a part of Highway 59. Appellants' truck driven by their employee, Cleveland O'Neil Gowen, who was the only witness who testified at

the hearing, was proceeding north. The time was approximately 6:30 p. m. at which time it was dark enough to require head lights. A mist or rain was falling which required the use of windshield wipers. The witness testified that there was a steady stream of traffic moving north at about 40 miles per hour, and that for several miles he had been travelling at that speed, and maintaining a distance of about 50 feet from the car immediately ahead. The highway was concrete and not slippery, but the bridge topping was tarvia and slippery, which fact was known to appellants' driver. After reaching the bridge, the car ahead of Gowen, without warning, slowed to a speed of 5 miles per hour, which necessitated the application of brakes on the truck to avoid collision. The application of the brakes on the truck caused it to skid to the right. In an effort to avoid collision with the banister of the bridge Gowen turned his truck to the left, across the center line of the highway, and five feet into the left hand lane thereof. Appellee, who was driving his automobile in a southerly direction in his own right hand lane, crashed into the front of the truck. There was no evidence of negligence on the part of appellee.

We feel that the facts recited above are amply sufficient to support the trial court's order. Under subdivision 23 of Art. 1995, it is not necessary to prove the commission of a crime, trespass or offense, but only the accrual of a cause of action in Harris County, which requirement is met by proof of either active or passive negligence. In Ellis v. Clifton, 245 S.W.2d 375, Judge Culver, then on the Ft. Worth Court of Civil Appeals, and now on the Supreme Court, held that the driver of a vehicle who was travelling at 50 or 55 miles per hour and following another vehicle at a distance of 60 or 70 feet, and who, when the car ahead slowed to 5 or 7 miles per hour, was unable to avoid collision with such car, was guilty of negligence of such quality as to constitute a trespass under the requirements of subdivision 9 of Art. 1995, and upheld the trial court's judgment sustaining the controverting plea predicated on that subdivision. In view of the heavy traffic, the semi-darkness, and the wet condition of the roadway, none of which elements appear from the opinion to have been present in the case of Ellis v. Clifton, but all of which are elements bearing upon the degree of care exercised by the driver in the present case, we feel bound to the conclusion that his own testimony raises an issue of negligence, at least of the quality required to show the accrual of a cause of action. And when to the facts which Judge Culver found to be sufficient, is added the fact that at the time of the impact, appellants' driver was proceeding on the left side of the highway, and directly into the path which appellee was properly following, we are equally convinced that the judgment of the trial court is sustainable under the requirements of subdivision 9 of the statute. The judgment of the trial court is accordingly affirmed.

Affirmed.