In the still more recent case of Muckleroy v. State, Tex.Cr.App., 310 S.W.2d 315,

317, we decided, adversely to the appellant, the contention which he here advances. There, we said:

"We also overrule appellant's contention that the evidence is insufficient to support a conviction for murder with malice. Malice is a question of fact, inferable from the circumstances, and is generally supported by proof that the killing took place by means of the use of a weapon that is deadly per se, and is usually one for the jury. Harvey v. State, 150 Tex.Cr.R. 332, 201 S.W.2d 42. The intended shooting of one with a shotgun is sufficient to authorize the jury to find that the shooting was actuated by malice. Lovelady v. State, 150 Tex.Cr.R. 50, 198 S.W.2d 570; Brown v. State, Tex. Cr.App., 216 S.W.2d 226, and Walker v. State, 160 Tex.Cr.R. 301, 268 S.W. 2d 464.

Finding no reversible error, the judgment of the trial court is affirmed.

**Merl GOLD, Appellant,**

v.

**Fred McDUFF, Appellee.**

No. 16001.

Court of Civil Appeals of Texas.

Fort Worth.

May 1, 1959.

Donald & Donald and J. M. Donald, Bowie, for appellant.

Marion R. Wells, Seminole, Okl., and John Atchison, Gainesville, for appellee.

RENFRO, Justice.

On March 12, 1958, plaintiff McDuff brought suit against defendant Gold in the District Court of Cooke County to recover a balance of $44,350, allegedly due on notes originally totaling $55,000. The petition did not allege place of payment of the notes. The petition alleged: "The defendant is a resident of the State of Texas and is now conducting a portion or part of his business in Cooke County, Texas." The defendant, on March 27, filed his plea of privilege in statutory form to be sued in Harris County, his domicile. On April 5, plaintiff's attorney filed "Response to Defendant's Plea of Privilege" and "upon information and belief neither admits nor denies the allegations of defendant's Plea of Privilege, but demands strict proof thereof * * *." Thereafter, on April 17, plaintiff's attorney filed a controverting affidavit, adopting the original petition, and alleged that at the time the suit was filed defendant's residence was Cooke County. The oath to the controverting affidavit concluded, "the statements contained in the foregoing controverting plea are true and correct as he verily believes." Defendant filed numerous exceptions to the controverting affidavit, and specially pointed out that the affidavit, being based on information and belief, was insufficient. The plaintiff did not choose to amend. The exceptions were overruled. After hearing, the court overruled the plea of privilege.

The defendant contends the controverting affidavit was insufficient to raise any question to be decided by the court.

■ The affidavit controverting a plea of privilege must be direct, unmistakable and unequivocal as to the facts sworn to. The allegations of fact must be on the knowledge of the affiant. The affiant must swear to the truth of his statements and not according to his knowledge and belief. 43-B Tex.Jur., p. 337, sec. 136; Savage v. Herrin Transfer & Warehouse Co., Tex. Civ.App., 219 S.W.2d 101; Pinkston v. Wills, Tex.Civ.App., 200 S.W.2d 843.

■ The words, "he verily believes", in the oath clearly base affiant's oath on belief and not on knowledge of the facts alleged. The order of the trial court is reversed and the cause ordered transferred to the District Court of Harris County.

Reversed and rendered.