**OMNIPLAN, INC., Appellant,**

v.

**NEW AMERICA DEVELOPMENT CORPORATION and William R. Jenkins, Appellees.**

**No. 5412.**

Court of Civil Appeals of Texas, Waco.

April 17, 1975.

———◆———

Johnson, Bromberg, Leeds & Riggs, Richard L. Jackson, Dallas, for appellant.

Goldberg & Alexander, H. Robert Powell, Dallas, Hugh E. McGee, Jr., Houston, for appellees.

## OPINION

JAMES, Justice.

This case involves basically the question of whether Defendant-Appellee New America Development Corporation, a foreign corporation, made a special appearance under Rule 120a, Texas Rules of Civil Procedure, or a general appearance. We hold that New America made a special appearance, did not make a general appearance, and was not amenable to process in the State of Texas, and thereby affirm the trial court's judgment.

Plaintiff-Appellant Omniplan, Inc. brought this suit in Dallas County, Texas, against Defendant-Appellee New America,

a foreign corporation headquartered in the State of Virginia, and Defendant-Appellee William R. Jenkins, a resident of Harris County, Texas. The suit was for labor and materials allegedly furnished by Omniplan, Inc., a management and holding company with one subsidiary and two active divisions, all primarily involved in architectural planning and interior design. New America was the owner of a land development project in Fairfax County, Virginia, while Jenkins was the primary contractor for said project. Jenkins in turn employed Omniplan to perform architectural and designing services. Omniplan, Jenkins and New America were in the relative positions of subcontractor, primary contractor, and owner, respectively. The suit was based upon a sworn account for services performed and materials furnished allegedly at the instance and request of Defendants. Service of citation was effected upon New America by serving the Secretary of State of the State of Texas pursuant to Article 2031b, Vernon's Ann.Texas Revised Civil Statutes, the Texas "Long Arm" Statute. New America filed a pleading denominated as "Special Appearance and Motion for Dismissal for Lack of Jurisdiction," under Rule 120a, Texas Rules of Civil Procedure. Jenkins filed a Plea of Privilege seeking to remove the cause to Harris County, Texas, the county of his residence. Omniplan controverted Jenkins's Plea of Privilege under Subdivision 29a, Article 1995, Texas Revised Civil Statutes, asserting that suit was lawfully maintainable against New America in Dallas County, Texas, and that Jenkins was a necessary party to such suit.

The trial court after hearing sustained New America's "Special Appearance and Motion for Dismissal" and dismissed the suit against New America for want of jurisdiction; and in addition thereto, sustained Jenkins's Plea of Privilege and transferred the cause of action as between Omniplan and Jenkins to Harris County, Texas.

Appellant Omniplan asserts error of the trial court, contending: (1) New America's "Special Appearance and Motion to Dis-

miss" was not properly verified and was therefore a general appearance; (2) since New America's attorney sought and obtained an extension of time (from Omniplan's attorney) in which to file his "Special Appearance" pleading, that New America thereby made a general appearance; (3) there was no competent evidence to support the trial court's finding of the necessary fact elements to support the court's conclusion of lack of jurisdiction over New America; and (4) that Jenkins's Plea of Privilege should have been overruled. We overrule all of Appellant's points of error and affirm.

We revert to Appellant's first point, asserting the trial court erred in sustaining New America's "Special Appearance and Motion to Dismiss" for the stated reason that such motion was not properly verified and therefore constituted a general appearance on the part of New America. We overrule this point.

The "Special Appearance and Motion to Dismiss" was signed and sworn to by G. Dennis Sullivan, the attorney for New America at the time said pleading was filed. The body of the jurat in question reads:

"BEFORE ME, the undersigned authority, on this day personally appeared G. DENNIS SULLIVAN, known to me to be the person whose name is subscribed to the foregoing Motion, and, after being by me duly sworn, on his oath stated that he is the attorney in this cause for the Defendant, NEW AMERICA DEVELOPMENT CORPORATION, duly authorized to make this affidavit, and that he has read and prepared the foregoing Special Appearance and Motion for Dismissal for Lack of Jurisdiction, designed to be used in said styled and numbered case, and that the allegations of fact contained therein are true and correct."

Appellant says that nowhere in this affidavit is it stated that it was made upon the personal knowledge of the affiant, and therefore such affidavit is fatally defective. In other words, Appellant says the affidavit must show on *its face* that it was made from the personal knowledge of affiant; and since the affidavit in question did not so show on its face, that it is fatally defective. The testimony of affiant Sullivan at the hearing on the special appearance showed that the affidavit was based upon hearsay and not upon his personal knowledge and thereby was the affidavit impeached, Appellant contends.

Plaintiff-Appellant Omniplan never did file any special exception to this alleged defect of the affidavit, and raises this point for the first time on appeal.

Rule 120a, T.R.C.P., provides that a special appearance for the purpose of objecting to the jurisdiction of the court may be made by sworn motion by "any party either in person or by attorney." We do not construe this rule as requiring that the affidavit must affirmatively show upon its face that the affiant had personal knowledge of the facts sworn to, nor that proof of the hearsay character of affiant's knowledge which is not apparent on the face of the affidavit, will render it legally insufficient. On the contrary, we hold that the requirements of the rule are met by an affidavit which is clear, definite, and unequivocal, and that unless there is something in the affidavit itself to indicate to the contrary, we are bound to accept it for what it appears on its face to be. See Red Star Fertilizer Co. v. Zuck (Galveston, Tex.Civ.App.1954) 267 S.W.2d 894, no writ history, and the cases therein cited. By way of analogy to Rule 120a, which is involved in the case at bar, Rule 86 requires that pleas of privilege and controverting pleas be sworn to. These provisos are met when the affidavit to those instruments show that the affiant intended "to unreservedly swear to the allegations contained therein." A. H. Belo Corporation v. Blanton (1939) 133 Tex. 391, 129 S.W.2d 619, 623. Unquestionably, the jurat in our case meets this test.

However, be that as it may, in the case at bar, Plaintiff-Appellant Omniplan failed to level a special exception to this alleged defect in New America's affidavit, and thereby waived such defect, if any there was, and cannot raise this point for the first time on appeal. Rule 90, T.R.C.P.; Youngstown Sheet and Tube Co. v. Penn (Tex. Sup.Ct.1962) 362 S.W.2d 230.

In support of its contention that the affidavit must state that it is made on the personal knowledge of the affiant, Plaintiff-Appellant cites *Youngstown Sheet and Tube Co.*, supra; Nagelson v. Fair Park National Bank (Dallas, Tex.Civ.App.1961) 351 S.W.2d 925, NRE, and Savage v. Herrin Transfer and Warehouse Co. (Galveston, Tex. Civ.App.1949) 219 S.W.2d 101, no writ history. In our view these cases do not support Appellant's contention. *Youngstown* and *Nagelson* each involve affidavits in connection with Motions for Summary Judgment under Rule 166A, T.R.C.P., which affidavits are required to state that they are made on personal knowledge. *Savage* deals with an affidavit which affirmatively shows on its face that it was *not* based on personal knowledge. All of these cases are distinguishable from the case at bar. Moreover, Appellant cites in further support of his contention Stewart v. Walton Enterprises, Inc. (Austin, Tex.Civ.App.1973) 496 S.W.2d 956, NRE, and Austin Rankin Corp. v. Cadillac Pool Corp. (Beaumont, Tex.Civ. App.1967) 421 S.W.2d 733, no writ history. Both *Stewart* and *Austin* deal with *unsworn* affidavits under Rule 120a, and therefore are not applicable to the case at bar. We overrule Appellant's first point.

By its second point Appellant contends that New America made a general appearance because New America's attorney "had sought and obtained an extension of time in which to file his response to Plaintiff's Original Petition and by doing so it (New America) had generally appeared—." We overrule this point.

In his sworn testimony, Mr. Sullivan, New America's attorney, testified that he had spoken by telephone with Plaintiff-Appellant Omniplan's attorney and advised him that he did intend to file some sort of pleading in the suit, but that he might need some additional time after appearance day because he did not have at that time the pleadings in the case. Omniplan's attorney as a matter of courtesy told Mr. Sullivan that this would be all right, and assured him that no default judgment would be taken. No motion or pleading was filed in the cause concerning this extension of time, and no order was entered by the court in connection therewith. In other words, New America took no affirmative action in recognition or invocation of the court's power, and therefore neither actually or impliedly made any general appearance. The matter consisted simply of one or perhaps two telephone conversations between the attorneys, the upshot of which was that Omniplan's attorney allowed New America's attorney a few days additional time in which to file his pleadings as a courtesy. Appellant contends that this amounted to an "appearance, prior to judgment, not in compliance" with Rule 120a and was therefore a general appearance, citing in support thereof Leaverton v. Leaverton (Dallas, Tex.Civ.App.1967) 417 S.W.2d 82, NRE. We do not agree with Appellant's contention. *Leaverton* dealt with a written motion for continuance filed with the court by the nonresident defendant prior to the filing of a special appearance under Rule 120a. This motion for continuance was sustained by the court. There the court held that "by filing the motion for continuance appellant in effect entered a general appearance." *Leaverton* does not apply to the facts of the case at bar. This informal effort on the part of New America's attorney to secure additional time from opposing counsel in which to file his pleadings did not constitute a general appearance. Appellant's second point is overruled.

By its third point Appellant asserts there is no competent evidence to support the factual elements of the trial court's conclusion that it had no jurisdiction over

New America. We overrule this contention. Let us briefly review the record concerning this point: The Plaintiff's Original Petition alleges (by virtue of which Plaintiff judicially admits) that New America is a foreign corporation whose principal place of business is in Alexandria, Virginia, and which has not maintained a regular place of business in Texas and has not designated an agent upon whom service may be made. Mr. Sullivan, the former attorney for New America, testified that he had never visited an office of New America in the State of Texas, knows of nothing which would make him think that New America has an office in Texas, has never met or talked to any employee, agent, officer or director of New America who lives or has an office in the State of Texas.

Mr. E. G. Hamilton, the president and chief operating officer of Omniplan, testified that Jenkins was the primary contractor in connection with the land development project in question located in Fairfax County, Virginia; that Omniplan was hired as a subcontractor by Jenkins to work on said land development project; that no part of this project was located in Texas; that he does not know of nor has he visited any office of New America in the State of Texas, nor has he ever seen an office for New America advertised in the State of Texas; he has never seen a telephone listing for an office of New America in the State of Texas; that he knows of no officers of New America who are residents of Texas; that he knows of no bank accounts maintained by New America in Texas; that he does not recall seeing any advertising for New America within the State of Texas; that he does not recall ever seeing a salesman soliciting for New America in the State of Texas, nor had any representative of New America ever visited Omniplan's office in Dallas.

■■ From this record we find not only legally sufficient evidence but ample evidence to show that New America is not amenable to process in the courts of the State of Texas, because the "minimum contacts" between New America and the State of Texas do not exist for the satisfaction of due process. International Shoe Co. v. State of Washington (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; O'Brien v. Lanpar Co. (Tex.Sup.Ct.1966) 399 S.W.2d 340; Murray v. Murray (Waco, Tex.Civ.App. 1974) 515 S.W.2d 387, no writ history. The activity relied upon to establish the requisite "minimum contacts" must not be the mere unilateral acts of the Plaintiff in the forum state. See Anderson v. Shiflett (Tenth Cir. 1971) 435 F.2d 1036. Appellant's third point is overruled.

■ In view of our holding that the trial court correctly concluded that it did not have jurisdiction over New America, we necessarily overrule Appellant's fourth and final point. That is to say, the trial court properly sustained Jenkins's Plea of Privilege.

Judgment of the tiral court is affirmed.

Affirmed.