Anna B. SCHULTZ, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 1622.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 4, 1977.

James Edward Robinson, Michol O'Connor, Kronzer, Abraham & Watkins, Houston, for appellant.

Otis H. King, City Atty., Willard E. Dollahon, Senior Asst. City Atty., Houston, for appellee.

CIRE, Justice.

Plaintiff in a personal injury action appeals from the granting of a summary judgment for defendant.

Appellant Anna B. Schultz sued the City of Houston, appellee, alleging she was injured on September 24, 1970, when she slipped and fell on a wet driveway at Houston Intercontinental Airport.

Appellant's claim against the city was instituted on December 18, 1970, when her attorney sent notice of the claim to the mayor, city councilmen, and city secretary. This notice, among other things, contained a description of the accident and the injuries sustained, appellant's address, the names and addresses of the witnesses upon whom she relied to establish her claim, and a statement that her damages would be approximately $50,000, "for which we will consider settlement of this claim." The notice was sworn to by the attorney. He verified that the statements contained in it were "true and correct to the best of his knowledge and belief."

The city answered and moved for summary judgment on two grounds: (1) it was immune from liability arising out of the operation or maintenance of the airport; and (2) the notice of claim failed to comply with the requirements of article IX, section 11 of the Houston City Charter (1968). The trial court granted the motion, entering judgment for the city.

■ Appellant brings this appeal on four points of error. The first point asserts the trial court erred in granting the city's motion for summary judgment. This point allows argument as to all possible grounds upon which the summary judgment should have been denied. *Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex.Sup.1970).

The second point complains of the error in granting summary judgment based on the ground that the city is immune from liability arising out of the operation and maintenance of an airport. We sustain these points.

■ The maintenance and operation of municipal airports is a governmental function. *City of Corsicana v. Wren*, 159 Tex. 202, 317 S.W.2d 516 (1958); *Flippin v. City of Beaumont*, 525 S.W.2d 285 (Tex.Civ.App. —Beaumont 1975, no writ); Tex.Rev.Civ. Stat.Ann. art. 46d–15 (1969). The city is shielded from liability for performance of such a function unless the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), waives the city's immunity. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.Sup.1976).

Considering the pleadings and the deposition on file, we are of the opinion that appellee has not sustained its burden on summary judgment by establishing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.Sup. 1970); Tex.R.Civ.P. 166–A.

■ We find that appellant's pleadings and deposition show a cause of action within the Texas Tort Claims Act. The deposition of James P. White, an airport security officer who witnessed the accident, was before the court. White testified that he saw appellant fall, that the driveway had been washed down with a scrubbing machine using soapy water within the previous half-hour, that the soapy water left on the driveway was more slippery than water without soap, that the driveway appeared wet but that a person could not tell there was soap in the water, and that there were no signs warning of the slippery surface.

Appellant's third point assigns error in the granting of summary judgment because appellee failed to prove as a matter of law that her notice of claim was insufficient. This point is sustained.

■ Appellee alleges that appellant's notice failed to comply with the city char-

ter's provisions in two respects. First, it claims that the notice was not "duly verified." Appellee asserts the notice must be sworn to as "true and correct," not "true and correct to the best of [the attorney's] knowledge and belief." We disagree. These notice provisions, being in derogation of common right, should be construed with reasonable strictness in favor of claimants. See *Cawthorn v. City of Houston*, 231 S.W. 701, 704 (Tex.Comm'n App.1921, holding approved). We recognize the long established rule in Texas that affidavits must be sworn to on personal knowledge and that those sworn to on best knowledge and belief are insufficient. *Wilson v. Adams*, 15 Tex. 323, 324 (1855). But we believe a different rule applies in this instance. The charter requirements for the notice of claim call for more than a recitation of facts. It actually requires some amount of conjecture and speculation on the part of the affiant. Moreover, it allows verification by "someone in his behalf" which necessarily accepts reliance on hearsay rather than on personal knowledge. For example, in *Gardner v. City of Houston*, 320 S.W.2d 715 (Tex.Civ. App.—Houston 1959, no writ), the court explained that a person claiming as yet unliquidated damages could only honestly swear to the amount of damages claimed, not to the amount of damages sustained as required by the charter; and where a claim is asserted against the city on behalf of the estate of a deceased claimant, practically none of the charter requirements could be sworn to on personal knowledge by the estate's representative. Likewise, as here, where the attorney files the claim for his client, his recitation of when, where, and how the accident occurred, the residence of the claimant at the time the claim is presented, and the claimant's residence for the preceding six months is based on information given by the client. The attorney could not swear to these statements on his personal knowledge. We hold the verifications contained in the notice sufficiently complied with the charter.

 The other portion of the notice that appellee claims was defective was the statement that damage to appellant "will amount to approximately Fifty Thousand ($50,000) Dollars, for which we will consider settlement of this claim." Appellee contends this language does not comply with the charter's requirement of a statement of "the amount for which claimant will settle." The purpose of a statement of damages is to facilitate settlement of the claim or preparation for trial. *City of Houston v. Holden*, 336 S.W.2d 193, 195 (Tex.Civ.App.— Eastland 1960, writ ref'd n.r.e.). The statement of appellant's expected damages, for which she would consider settlement, suffices for this purpose. We cannot imagine a situation where the claimant would refuse to accept a settlement offer for the full amount of damages allegedly sustained.

In her fourth point, appellant asserts that summary judgment based on the alleged notice defects was improperly granted because the city had actual notice of her claim. In view of our holdings on the other points of error, we do not consider it necessary to decide this point.

The judgment of the trial court is reversed and the case remanded for trial.

J. CURTISS BROWN, C. J., not participating.