**Fred A. SLATER, d/b/a Pro Fan Van, Inc., Appellant,**

v.

**METRO NISSAN OF MONTCLAIR, Appellee.**

No. 2–90–072–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1990.

Rehearing Overruled Jan. 23, 1991.

Simon, Anisman, Doby, Wilson & Skillern, and Richard C. Bruse, Fort Worth, for appellant.

Jones, Hall, Bates, Warren & Watson, Daniel L. Bates and W. Mark Midkiff, Fort Worth, for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

This is an appeal from an order sustaining an objection to jurisdiction. Fred A. Slater, d/b/a Pro Fan Van, Inc. (Slater), appellant, commenced this action against Metro Nissan of Montclair (Metro), appellee, to recover damages as a result of Metro's alleged breach of contract, fraud, and violation of the Texas Deceptive Trade Practices Act. Metro filed a motion objecting to jurisdiction under Rule 120a of the Texas Rules of Civil Procedure. The trial court granted Metro's motion.

We reverse and remand.

Rule 120a(1) authorizes the filing of a special appearance "for the purpose of objecting to the jurisdiction of the court over the person ... of the defendant on the ground that such party ... is not amenable to process issued by the courts of this State." TEX.R.CIV.P. 120a. The special appearance "shall be made by sworn motion." *Id.* The Rule mandates *strict* compliance with the procedure. *Portland Sav. & Loan Ass'n v. Bernstein*, 716 S.W.2d 532, 534 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986); *Seeley v. Seeley*, 690 S.W.2d 626, 627–28 (Tex.App.—Austin 1985, no writ).

Metro's affidavit in support of its Rule 120a special appearance reads as follows:

BEFORE ME, the undersigned Notary Public in and for said County and State, on this day personally appeared Daniel L. Bates, to me well known, who, being by me duly sworn, on his oath says that he is the attorney for Defendant, Metro Nissan of Montclair, in the above entitled and numbered cause, that he has read

the above and foregoing Special Appearance to Present Motion Objecting to Jurisdiction filed in this case, and that *based upon information and belief every statement and denial contained herein is true and correct.* [Emphasis added.]

An affidavit must be direct, unmistakable, and unequivocal as to the facts sworn to. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975); *Pinkston v. Wills*, 200 S.W.2d 843, 845 (Tex.Civ.App.—Dallas 1947, no writ). It must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. *Simmons v. Moore*, 774 S.W.2d 711, 715 (Tex.App.—El Paso 1989) (orig. proceeding); *Requipco, Inc. v. Am–Tex Tank & Equip.*, 738 S.W.2d 299, 301 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (quoting *Diggs v. Enter. Life Ins. Co.*, 646 S.W.2d 573, 575 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.)). An affidavit made on "knowledge and belief" is insufficient as an affidavit unless authorized by special statute. *Simmons*, 774 S.W.2d at 715 (quoting *Winters v. Langdeau*, 354 S.W.2d 606 (Tex.Civ.App. —Austin), *rev'd on other grounds*, 360 S.W.2d 515 (Tex.1962)); *Huddleston v. Western Nat'l Bank*, 577 S.W.2d 778, 781 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Schultz v. City of Houston*, 551 S.W.2d 494, 496 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *Pinkston*, 200 S.W.2d at 845.

Metro cites *Omniplan, Inc. v. New America Dev. Corp.*, 523 S.W.2d 301 (Tex. Civ.App.—Waco 1975, no writ), as authority that a Rule 120a affidavit does not require the affiant's personal knowledge. The court in *Omniplan* held that the appellant had waived any alleged defect in the affidavit by failing to level any exception to the affidavit in the trial court. In dicta, the Waco court wrote that Rule 120a should not be construed to mean that the affiant must have personal knowledge of the facts sworn to and that the requirements of Rule 120a "are met by an affidavit which is clear, definite, and unequivocal...." *Id.* at 304.

In *Omniplan,* although the affidavit was sworn to by an attorney, the facts sworn to were "clear, definite, and unequivocal." By contrast, in the instant case the attorney executed the affidavit upon "information and belief." Such a verification does not even satisfy the elementary requirements of an affidavit as prescribed by the dicta in *Omniplan.*

The affidavit before us is not "clear, definite, and unequivocal," nor is it apparent that the affiant intended to unreservedly swear to the allegations therein. The appearance made by Metro objecting to the jurisdiction of the court failed to strictly comply with the procedure required by Rule 120a for making a special appearance and it therefore constituted a general appearance for all purposes. *Portland,* 716 S.W.2d at 534; *Abramowitz v. Miller,* 649 S.W.2d 339, 342 (Tex.App.—Tyler 1983, no writ) (quoting *Stewart v. Walton Enter., Inc.,* 496 S.W.2d 956, 959 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.)). We hold that Metro subjected itself to the court's jurisdiction.

Since we sustain Slater's second point of error, we need not address Slater's first point of error. We reverse and remand.