Guy E. MATTHEWS, Appellant,

v.

Sam PROLER, Appellee.

No. B14-89-464-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 29, 1990.

J. Robin Lindley, Houston, for appellant.

Clyde W. Woody, Houston, for appellee.

Before ROBERTSON and DRAUGHN, JJ., and JACKSON B. SMITH, Jr., Retired Justice (Sitting by designation).

## OPINION

DRAUGHN, Justice.

Seeking to recover attorney's fees, appellant Guy E. Matthews filed this action against appellee Sam Proler for breach of contract, recovery in quantum meruit, and suit on a sworn account. Pursuant to Tex. R.Civ.P. 120a, Proler made a special appearance through counsel asserting lack of in personam jurisdiction. The trial court sustained Proler's motion and dismissed the suit for want of jurisdiction. Thereafter, Matthews requested that the trial court state in writing its findings of fact and conclusions of law, pursuant to Tex.R. Civ.P. 296 and 297. Following the trial court's failure to comply, Matthews timely filed a reminder with the trial court; again, the judge failed to comply. When Matthews complained on appeal, this Court ordered the trial court to file findings of fact and conclusions of law, and the trial court complied with the following supplement to the transcript:

The above-captioned case [88–63131] came on for trial before the Court without a jury on February 13, 1989. All parties and their attorneys were present. After considering the pleadings, the evidence, the argument and briefs from counsel, the Court, in response to the Fourteenth Court of Appeals' Order of November 3, 1989, makes its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. The defendant, Sam Proler, entered an appearance pursuant to 120a of the Texas Rules of Civil Procedure to contest the jurisdiction of the Court in the above styled and numbered cause of action.

2. The Defendant, Sam Proler, entered into an agreement with the Plaintiff, Guy E. Matthews, said agreement to be performed in the State of Wisconsin.

3. The Defendant, Sam Proler, was not a resident of Harris County, Texas at any time material to the cause of action brought by the Plaintiff herein.

4. The Defendant, Sam Proler, is not a resident of Harris County, Texas and was not a resident of the State of Texas on December 12, 1988 at the time when the Plaintiff, Guy E. Matthews, filed his Plaintiff's Original Petition in Cause No. 88–63131, in the 269th Judicial District Court of Harris County, Texas and the Defendant was not required to designate or maintain a registered agent nor does he maintain a registered agent for service in the State of Texas.

5. The Defendant, Sam Proler, does not now maintain nor did he maintain on December 12, 1988 a place of business in the State of Texas and Defendant has no employees, servants, or agents in the State of Texas.

6. The Defendant, Sam Proler, was not engaged in business in the State of Texas on December 12, 1988 nor has he committed any tort, in whole or in part, in the State of Texas.

7. Defendant, Sam Proler, was not and is not a party to any proceeding arising out of or related to business done in the State of Texas at any time pertinent to the issues in this suit.

## CONCLUSIONS OF LAW

1. The appearance of the Defendant, Sam Proler, satisfied the requirements of 120a of the Texas Rules of Civil Procedure constituting a special appearance by the Defendant.

2. At the special appearance hearing, the Plaintiff did not meet the burden of proof in showing that the Defendant, Sam Proler, purposefully availed himself of the benefits and protection of the laws of the State of Texas although the burden of proof was upon the Plaintiff to do

so under Rule 120a of the Texas Rules of Civil Procedure.

3. The Defendant, Sam Proler, did not have sufficient contacts with the State of Texas, such that the maintenance of a suit would not offend traditional notions of fair play and substantial justice, *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and therefore it would be a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States for this Court to assert in personam jurisdiction over the Defendant, a nonresident of the State of Texas, in the suit made the basis of this cause of action.

4. The cause of action brought by the Plaintiff, Guy E. Matthews, did not arise out of nor was it related to any business done by the Defendant, Sam Proler, in the State of Texas, such as would support the assertion of specific jurisdiction over a nonresident of the State of Texas as set forth by the controlling case of *Helicopteros Nacionales De Colombia, SA v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), said case being relied upon by the Defendant herein nor did sufficient contacts exist to satisfy the minimum contacts criteria for establishing general jurisdiction as set forth in *International Shoe Co. v. Washington, supra,* also relied upon by Defendant.

5. Defendant, Sam Proler, is not subject to process under the Texas long-arm statute, as same would violate the Due Process requirements of the Fourteenth Amendment to the Constitution of the United States.

After considering Matthews' remaining point of error that the trial court erred in sustaining Proler's plea to the jurisdiction, we affirm.

 No statement of facts was recorded at the special appearance hearing, therefore we must presume that the evidence heard by the trial court was sufficient to support all findings of fact necessary to support the judgment. *Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662, 666 (Tex.1987), *cert. denied* 484 U.S. 1063, 108

S.Ct. 1022, 98 L.Ed.2d 986 (1988)); *El Chidiac v. Cramer,* 756 S.W.2d 325, 326 (Tex. App.—Dallas 1988, writ denied) (citations omitted); *Smith v. Reynolds,* 533 S.W.2d 861, 863 (Tex.Civ.App.—San Antonio 1976, no writ). This is particularly essential in light of the implication of the trial judge's statement that he considered evidence at the hearing, and his conclusion of law that Matthews failed to meet his burden of proof. It was Proler's burden to plead and prove that he was not amenable to process issued by the Texas court, and such plea must have been supported by competent evidence. *Id.* at 862. Therefore, we must presume that Proler's evidence was sufficient to negate Matthews' jurisdictional allegations, thereby shifting the burden of proof or persuasion to Matthews. The trial court indicates that Matthews failed to carry his burden. Despite Matthews' allegations that Proler was amenable to process by a Texas court, the trial court specifically found that at no time material to the cause of action was Proler a resident of Harris County, nor was he required to designate or maintain a registered agent for service in Texas, nor did he maintain a place of business in Texas. Although Matthews claims that the contract for legal services made the subject of this dispute was performed in part in Texas, the trial court specifically found that it was "to be performed in the State of Wisconsin." It seems doubtful to us that an attorney in Texas, handling a case in Wisconsin, would not do at least a portion of the work at his office in Texas, but in the absence of a statement of facts, we should not substitute our own subjective determination for that of the trial judge, who was privy to the evidence supplied at the special appearance hearing.

One fact apparently not in dispute is that Matthews and Proler entered into the contract in Harris County. As such, Matthews contends *as a matter of law* that a Texas court may exercise personal jurisdiction over Proler under the holding of *Portland Sav. & Loan Ass'n v. Bernstein,* 716 S.W.2d 532, 535–37 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e., *cert. denied* 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d

313 (1986)). However, the plaintiff in *Portland* alleged an action in tort, not contract, and the jurisdictional requirements were met under the "commission of a tort" provision of the Texas long-arm statute rather than its contract provision. *Id* at 535; TEX. CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986). The long-arm statute provides, in pertinent part:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state[.] *Id.*

When a plaintiff alleges an action in tort, the necessary proof to establish jurisdiction over a nonresident is only that his purposeful act was committed in Texas. *Portland Sav. & Loan,* 716 S.W.2d at 535. However, in contract cases, we are not aware of any authority granting a Texas court jurisdiction over an individual or corporation who commits the "purposeful act" of merely entering into a contract in Texas.

■ Finally, Matthews claims that Proler subjected himself to the jurisdiction of the trial court by making a general appearance prior to the hearing on his special appearance. Rule 120a is the proper means of objecting to a court's jurisdiction on the ground that a party is not amenable to process issued by the courts of this state; it is not the proper means for attacking defects in service. TEX.R.CIV.P. 120a; *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 47 (Tex.App.—Houston [14th Dist.], *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985)). Defects in service of process must be challenged by a motion to quash, not a special appearance. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). "If the defendant attempts to make a special appearance to raise any of these contentions, then his appearance is a general one." *Id.* at 202. Matthews contends that Proler attacked the manner of service as defective, and thus made a general appearance, when in his special appearance motion he contested service of process under Texas' long-arm statute. We disagree that Proler, by denying that he is subject to process issued under Texas' long-arm jurisdiction, was arguing defects in the manner of service; in our view, he was only contesting his amenability to process. Further, even if Proler's special appearance motion was technically defective, in the absence of an objection by Matthews in the record, he may not raise this point for the first time on appeal. *Omniplan, Inc. v. New Am. Dev. Corp.,* 523 S.W.2d 301, 305 (Tex.Civ.App.—Waco 1975, no writ).

We affirm the judgment of the trial court.