Affirmed and Memorandum Opinion filed November 19,
2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00305-CV

____________

 

SHALLY AVSHALOMOV, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF JOSHUA AVSHALOMOV, Appellant

 

V.

 

PROPERTY IMPROVEMENTS, INC. AND AVISHAI RON, Appellees

 



 

On Appeal from the 151st District Court

Harris
County, Texas

Trial Court Cause
No. 2008-30055

 



 

M E M O R
A N D U M   O P I N I O N

This appeal is from the trial court’s order of March 23,
2009, denying appellant’s special appearance.  We affirm.

The record reflects on May 15, 2008, appellees brought suit
against appellant for failure to pay appellees for construction of a home completed
in May 2001, in Harris County, Texas.  Appellant filed a special appearance on
the grounds she and her husband, now deceased, moved to Tel Aviv, Israel, in
2005 and had not maintained a residence in Harris County, Texas, since that
time.

In a single issue, appellant claims the trial court erred in
denying her special appearance.  She challenges the denial on the basis of
general and specific jurisdiction, arguing appellees did not allege any
contacts that appellant had with the State of Texas after she became a
non-resident.  Appellant admits appellees pleaded facts alleging activities
appellant had undertaken in Texas before she moved to Israel.

Appellant argues that “plaintiffs did not plead any
jurisdictional facts in the trial court sufficient to invoke the application of
the Texas long-arm statute.”  In their first amended original petition,
appellees allege appellant and her husband entered into an agreement with
appellees for construction of a new home on their property located at 3849
Drummond Street, Houston, Texas.  Personal jurisdiction over a nonresident
defendant is authorized by section 17.042(1) of the Texas Civil Practices and
Remedies Code if the defendant “does business” in Texas by contracting with a
Texas resident and either party is to perform the contract in whole or in part
in this State.  See Tex. Civ. Prac. & Rem. Code Ann. § 17.042
(Vernon 2008).  Accordingly, appellees have alleged facts permitting the trial
court to exercise jurisdiction over appellant under the Texas long-arm statute.
See Nogle & Black Aviation, Inc. v. Faveretto, 290 S.W.3d 277,
283-84 (Tex. App. — Houston [14th dist.] 2009, no pet.); Board of County
Com'rs of County of Beaver Okl. v. Amarillo Hosp. Dist., 835 S.W.2d 115, 119
(Tex. App. — Amarillo 1992, no pet.).

Once appellees made allegations to support jurisdiction, it became
appellant’s duty to prove that all bases of personal jurisdiction were
negated.  Id. at 120 (citing Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 203 (Tex.1985)).  It was incumbent upon appellant to establish,
by competent evidence, that she was not amenable to the jurisdiction of the
Texas court.  See Matthews v. Proler, 788 S.W.2d 172, 174 (Tex.App. -- Houston
[14th Dist.] 1990, no pet.); see also Kawasaki Steel Corp., 699 S.W.2d
at 200.  

The record does not reflect that appellant presented any
evidence.  In her brief, appellant asserts no evidence was presented to the
trial court.  However, appellees submitted evidence with their response and
their brief states the trial court heard argument and reviewed evidence at the
hearing.  The trial court’s order denying appellant’s special appearance
recites that “[a]fter due consideration of the special appearance plea, the
response thereto, together with the evidence presented by the parties. . .”  No
statement of facts was recorded at the special appearance hearing.  We therefore
must presume the evidence heard by the trial court was sufficient to support
all findings of fact necessary to support the judgment.  See Matthews,
788 S.W.2d at 174 .  

Appellant fails to demonstrate on appeal that she negated all
bases of jurisdiction.  Accordingly, we find the trial court did not err in
denying appellant’s special appearance.

Appellant’s issue is overruled and the judgment of the trial
court is AFFIRMED. 

PER CURIAM

 

 

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.