

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00071-CV
_____

WALMART, INC., Appellant

V.

FINTIV, INC., Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 18-1378

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Fintiv, Inc., sued Walmart, Inc., in Harrison County for misappropriation of trade secrets under both the common law and the Texas Uniform Trade Secrets Act (TUTSA).  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134A.002(3), 134A.004.  In response, Walmart filed a motion to dismiss and a special appearance and asserted that the trial court lacked jurisdiction because (1) Fintiv's claims were subject to a binding forum selection clause that required suit to be filed in Arkansas, and (2) the trial court lacked specific and general jurisdiction over Walmart.  The trial court denied the special appearance.

On appeal, Walmart asks this Court to (1) construe its appeal as a petition for a writ of mandamus and direct the trial court to dismiss the lawsuit based on the forum selection clause, and (2) reverse the trial court's denial of its special appearance.  Because we find that Walmart (1) waived its special appearance and entered a general appearance and (2) has not provided a sufficient mandamus record, we affirm the trial court's denial of its special appearance, deny the petition for a writ of mandamus, and remand this case to the trial court.

## I.      Procedural Background

On December 14, 2018, Fintiv[1] filed its original petition against Walmart alleging common law and TUTSA causes of action for misappropriation of trade secrets.  Fintiv alleged that the trial court had personal jurisdiction over Walmart "because it is registered to transact business in Texas, has regularly transacted and continues to regularly transact business in Texas,

---

[1]Fintiv alleged that, in its petition, Fintiv "means and includes Fintiv, Inc.[,] and all of its predecessor entities, including but not limited to, Mozido, Inc., Mozido, LLC, Affinity Global Services, LLC, and Mobile Media Group. In this opinion, references to "Fintiv" includes all of those entities.

derives substantial revenue from goods and services provided to Texas residents, and the torts and other purposeful acts and omissions alleged herein occurred in the State of Texas." It also alleged that its action against Walmart arose "from Walmart's infringement and misappropriation of Fintiv's trade secrets and confidential information Fintiv shared with Walmart under a series of binding non-disclosure agreements in the years 2000, 2008, and 2011." The non-disclosure agreements are referred to by the parties as "the 2000 NDA," "the 2008 NDA," and "the 2011 NDA."

In its original petition, Fintiv stressed the importance of the NDAs, citing language in the 2011 NDA that defined "confidential information" and that prohibited Walmart from using or disclosing Fintiv's confidential information. It also alleged that it was only after entering the NDAs that Fintiv "presented a global wireless vision, the origin of MoTEAF$^{TM}$, to Walmart" when Walmart was seeking to develop a mobile wallet. The original petition went on to allege several meetings with Walmart in which Fintiv allegedly disclosed its trade secrets, all of which occurred in Arkansas, and none of which were specifically alleged to have occurred in Texas. Fintiv alleged that Walmart used the trade secrets disclosed in the development of its Walmart Pay (WalPay) application.

In response, Walmart filed its a special appearance to object to jurisdiction (Objection to Jurisdiction). In its Objection to Jurisdiction, Walmart alleged that (1) the 2008 NDA contains a mandatory forum selection clause that requires all disputes be resolved in Arkansas, (2) the 2011 NDA requires all disputes be resolved in Delaware, (3) Fintiv's general jurisdiction allegations are not sufficient to establish personal jurisdiction over Walmart, and (4) none of the relevant

3

alleged acts and omissions by Walmart occurred in Texas and there is no substantial connection between the alleged activities and Texas, so specific jurisdiction has not been established. Walmart also filed the affidavit of Daniel Eckert, senior vice president of Walmart Services and Digital Acceleration. Eckert averred, among other things, that (1) all the facts alleged in Walmart's special appearance were true, (2) in 2012 or 2013, Fintiv tried to become engaged in a project called Merchant Customer Exchange (MCX), (3) MCX was a company created by a consortium of United States retailers (including Walmart), (4) Walmart did not use any product or technology developed by MCX, (5) the officers and employees of Walmart identified by Fintiv all resided in states other than Texas, (6) none of the development of WalPay occurred in Texas, and (7) the computers used to process payments made through WalPay are located in Arkansas and Colorado.[2]

Fintiv filed an opposition to Walmart's Objection to Jurisdiction in which it alleged that, over the course of their relationship, Fintiv and Walmart exchanged multiple NDAs, including the 2008 NDA; that Fintiv hosted a meeting for Walmart in Dallas on August 30, 2010, at which it gave a comprehensive presentation about its proprietary mobile wallet platform; that it met with Walmart again in Dallas on September 16, 2010; and that Walmart has approximately 600 stores, including 393 Supercenters and 160,970 employees in Texas, advertises on Walmart.com, which reaches Texas residents, and provides the WalPay service to Texas residents.

On September 13, 2019, the trial court held a hearing on Walmart's Objection to Jurisdiction. Walmart made arguments regarding general and specific jurisdiction and the

---

[2]The parties attached affidavits, deposition excerpts, and other documents in support of the special appearance, the response thereto, briefs in support of the special appearance, and briefs in opposition thereto.

4

applicability of the forum selection clause contained in the 2008 NDA. Fintiv argued that the 2008 NDA expired in December 2013, that Fintiv had discussions with Walmart after that time, and that the NDA had nothing to do with its TUTSA claims. Fintiv also argued that the court had both specific and general personal jurisdiction over Walmart. After Fintiv put on direct testimony from one of its officers, the trial court recessed the hearing to enable the parties to conduct additional discovery.

After several months, the parties then took the depositions of several of Fintiv's current and former officers. Walmart filed a supplemental brief in support of its special appearance in which it contended that the forum selection clause in the 2008 NDA required suit be filed in Arkansas and that there was no specific or general jurisdiction over Walmart.

Fintiv filed an opposition to Walmart's supplemental brief in which it contended that the testimony of its former and current officers showed that Fintiv disclosed trade secrets to Walmart after 2012 and that Walmart directed Fintiv to MCX. Fintiv argued that the 2008 NDA did not apply to Fintiv's claims because (1) Walmart's misappropriation of trade secrets through its alleged agent MCX was conduct outside the scope of the 2008 NDA, and (2) Fintiv's claims are based on common law and statute and exist even in the absence of the 2008 NDA. It also argued that the trial court had specific jurisdiction over Walmart because of Walmart's purposeful contacts with Texas, pointing to the two 2010 meetings in Dallas, a subsequent meeting with MCX in Dallas, and Walmart's launch of WalPay in Texas (and nationwide). In its reply, Walmart argued that (1) Fintiv could not evade the forum selection clause by artful pleading,

(2) Fintiv had not established that MCX was an agent of Walmart,[3] and (3) there was no basis for specific or general jurisdiction.

Seven days before the scheduled final hearing on Walmart's Objection to Jurisdiction, Fintiv amended its petition. The amended petition dropped its previous allegation that its misappropriation claims arose from the trade secrets and confidential information Fintiv shared with Walmart under a series of binding non-disclosure agreements in the years 2000, 2008, and 2011. It acknowledged, however, that Fintiv and Walmart entered into a non-disclosure agreement in 2008, which Fintiv alleged expired by its terms in December 2013. The amended petition also alleged that non-party MCX was either the actual or apparent agent of Walmart and included specific allegations regarding meetings with Walmart in Arkansas in 2009 and 2012, and in Dallas in 2010, and with MCX in Dallas in 2012, in which trade secrets and confidential information were disclosed.

Walmart filed another supplemental brief and challenged the sufficiency of the allegations in the amended petition regarding its relationship with MCX and argued that Fintiv cannot avoid dismissal based on the forum selection clause by deleting its prior allegations that it shared its trade secrets under the NDAs and adding the additional allegations regarding MCX.

At the final hearing held on July 29, 2020, Walmart chose to first argue that the lawsuit should be dismissed based on the forum selection clause contained in the 2008 NDA and advised the trial court, "[Walmart is] going to start by talking about the NDAs and the 2008 NDA in

---

[3]MCX was a limited liability company formed by several major retailers and was managed by its fourteen Class A Owners, including Walmart, and nine Class B Owners. Its purposes were the development and deployment of more secure, lower cost mobile specifications and platforms.

particular because [it] think[s] that that NDA -- if you decide that you agree with us, the 2008 NDA applies here, then there's no reason to go to the issues of general and specific jurisdiction." At the conclusion of that portion of its argument, and before addressing specific and general jurisdiction, Walmart again told the trial court, "[I]f you decide that the NDAs apply, you don't have to reach general and specific jurisdiction." Only then did Walmart address general and specific jurisdiction. At the conclusion of the parties' arguments, the trial court took the case under advisement. On August 31, 2020, the trial court denied the special appearance, without stating the basis of its denial.

## II. Walmart's Special Appearance

### A. Standard of Review

"On appeal, we review de novo the trial court's determination to grant or deny a special appearance." *Hitachi Shin Din Cable, Ltd. v. Cain*, 106 S.W.3d 776, 781 (Tex. App.— Texarkana 2003, no pet.). "Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo." *Wilco Farmers v. Carter*, 558 S.W.3d 197, 201 (Tex. App.—Texarkana 2018, no pet.) (quoting *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013))). "In a de novo review, the reviewing court conducts a review of the record to make its own legal determinations and conclusions." *Nissan N. Am., Inc. v. Tex. Dep't of Motor Vehicles*, 592 S.W.3d 480, 486 (Tex. App.—Texarkana 2019, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). "When no findings of fact and conclusions of law are made by the trial court, 'we infer "all facts necessary to support the

judgment and supported by the evidence."'" *Wilco Farmers*, 558 S.W.3d at 201–02 (quoting

*Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (quoting *BMC*

*Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002))).

A trial court's conclusions of law are reviewed as a legal question. *BMC Software*

*Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We "review the trial court's legal

conclusions drawn from the facts to determine their correctness." *Id.* (citing *Templeton v.*

*Dreiss*, 961 S.W.2d 645, 656 n.8 (Tex. App.—San Antonio 1998, pet. denied)). An erroneous

conclusion of law does not require reversal if the trial court rendered the proper judgment. *Id.*

**B.** **A Special Appearance May Not Be Based on Enforcement of a Forum Selection Clause**

In the trial court, Walmart asserted the mandatory language in the 2008 NDA's forum

selection clause[4] as one ground for its special appearance. Yet, Rule 120a of the Texas Rules of

Civil Procedure does not include the enforcement of a contractual forum selection clause as a

ground for a special appearance. *See* TEX. R. CIV. P. 120a. Rather, Rule 120a provides that a

party may make a special appearance "for the purpose of objecting to the jurisdiction of the court

over the person or property of the defendant *on the ground* that such party or property is not

amenable to process issued by the courts of this State." *Id.* (emphasis added). Thus, a special

appearance is used only to litigate a single issue, *Texas Commerce Bank N.A. v. Interpol '80*

*Limited Partnership*, 703 S.W.2d 765, 775 (Tex. App.—Corpus Christi 1985, no writ), and

---

[4]The 2008 NDA provided:

> **Choice Of Law.** The Parties mutually acknowledge and agree that this Agreement shall be construed and enforced in accordance with the laws of the state of Arkansas. The Parties agree and consent to the exclusive jurisdiction of the state and federal courts of Arkansas to resolve any dispute arising from this Agreement and waive any defense of inconvenient or improper forum.

"[t]he rule applies only when a defendant contends he is not amenable to process," *Accelerated Christian Education, Inc. v. Oracle Corp.*, 925 S.W.2d 66, 69 (Tex. App.—Dallas 1996), *overruled in part on other grounds by In re Tyco Elecs. Power Sys., Inc.*, No. 05-04-01808-CV, 2005 WL 237232, at *4 & n.1 (Tex. App.—Dallas Feb. 2, 2005, orig. proceeding) (mem. op.) (citing *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985)).

Since a special appearance only addresses personal jurisdiction, it is not the proper procedure to address a contractual forum selection clause. *See Accelerated Christian Educ.*, 925 S.W.2d at 70. Rather, "a motion to dismiss is a proper mechanism to enforce a forum selection clause that selects another state as the proper forum for litigation." *Id.*; *CKH Family Ltd. P'ship v. MGD/CCP Acquisition, LLC*, No. 05-12-00573-CV, 2013 WL 5614304, at *2 (Tex. App.—Dallas Oct. 14, 2013, no pet.) (mem. op.). That said, courts "look to the substance of a motion to determine the relief sought, not merely to its title." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *see Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 60 (Tex. App.—Texarkana 2004, pets. denied). For that reason, this portion of Walmart's Objection to Jurisdiction should be construed by both the trial court and this Court as a motion to dismiss to enforce the forum selection clause. *See Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601; *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (construing the substance of a motion entitled "Rule 91a Motion to Dismiss" as being both a Rule 91a motion and a separate motion to dismiss on a forum selection clause).

On appeal, Walmart recognized that its forum selection clause ground for dismissal was not a proper ground for dismissal under a special appearance. For that reason, Walmart styled its

brief as "Appellant's Brief, and in the Alternative, Petition for Writ of Mandamus," and requested in the alternative that we issue a writ of mandamus[5] directing the trial court to dismiss the suit based on the forum selection clause. At oral argument, Walmart also acknowledged that its motion to dismiss based on the forum selection clause was a separate ground for dismissal independent from its lack of personal jurisdiction grounds, although both were contained in its special appearance motion. Walmart's election to assert its motion to dismiss based on the forum selection clause and to request relief thereon before it asserted its special appearance, both in its pleadings and at the final hearing on its motions, impacts our analysis of the trial court's denial of Walmart's special appearance.

## C. Due Order of Pleading and Due Order of Hearing

Rule 120a of the Texas Rules of Civil Procedure provides the procedure by which a nonresident defendant may challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a; *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, a challenge to the trial court's personal jurisdiction may be waived by either making a general appearance or by failing to timely challenge the court's jurisdiction. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006) (Brister, J., concurring); *see* TEX. R. CIV. P. 120a. Rule 120a provides, "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX. R. CIV. P. 120a. The Texas Supreme Court has "held that a party enters a general appearance when it (1) invokes the judgment of the

---

[5]The proper mechanism to challenge the denial of a motion to dismiss based on a forum selection clause is a petition for a writ of mandamus. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam).

court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)). A defendant waives its special appearance if it requests relief inconsistent with its assertion that the court lacks jurisdiction. *Id.* at 305 (citing *Dawson-Austin*, 968 S.W.2d at 323). "The relevant inquiry 'is not what a court does in response' to the defendant's action, but 'whether a defendant truly seeks any affirmative action from the court' by that action." *Global Paragon Dallas, LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 612 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Angelou v. African Overseas Union*, 33 S.W.3d 269, 276 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).

A party availing itself of Rule 120a must strictly comply with its terms or risk waiver of its special appearance. *Trenz*, 388 S.W.3d at 800; *see* TEX. R. CIV. P. 120a(1); *First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("Rule 120a requires compliance with its terms, by stating that the consequence for failure to comply with its terms is a waiver of the special appearance."); *SBG Dev. Servs., L.P. v. NuRock Grp., Inc.*, No. 02-11-00008-CV, 2011 WL 5247873, at \*2 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op.) ("Strict compliance with rule 120a is required."). Under Rule 120a, a special appearance must be "made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance." TEX. R. CIV. P. 120a(1). Our sister courts of

appeals have noted that, if a special appearance is filed in the same instrument as other pleas or motions, "the special appearance must be the first plea made." *Wuxi Taihu Tractor Co., Ltd. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *7 n.5 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.). This is called "the 'due-order-of-pleading' requirement." *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.) (quoting *Exito Elecs.*, 142 S.W.3d at 305).

Additionally, Rule 120a provides that a challenge to the jurisdiction under the rule "shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a(2). This is known as the "due-order-of-hearing requirement." *Klingenschmitt*, 342 S.W.3d at 133–34 (citing *First Oil PLC*, 264 S.W.3d at 776). Under this requirement, a party that asserts a special appearance, but seeks affirmative action from the trial court inconsistent with its assertion that the court lacks jurisdiction before the special appearance is both heard and determined, waives its special appearance. *Global Paragon Dallas, LLC*, 448 S.W.3d at 612–13; *Trenz*, 388 S.W.3d at 802–03; *SBG Dev. Servs., L.P.*, 2011 WL 5247873, at *2–4; *Klingenschmitt*, 342 S.W.3d at 134–35; *Landry v. Daigrepont*, 35 S.W.3d 265, 267–68 (Tex. App.—Corpus Christi 2000, no pet.). Even if the party obtains a hearing on its special appearance, if it seeks affirmative action from the court on an inconsistent motion before obtaining a ruling on its special appearance, the party waives its challenge to personal jurisdiction. *Global Paragon Dallas, LLC*, 448 S.W.3d at 609, 612–13; *Trenz*, 388 S.W.3d at 801, 803; *SBG Dev. Servs., L.P.*, 2011 WL 5247873 at *1, *3; *Landry*, 35 S.W.3d at 267–68;

*Phoenix Fireworks Mfg., Inc. v. DM Plastics, Inc.*, No. 04-98-00209-CV, 1998 WL 354927, at *3 (Tex. App.—San Antonio June 30, 1998, no pet.).

### D.      Analysis

#### 1.      We May Consider Waiver in this Interlocutory Appeal

At oral argument and in its supplemental brief,[6] Walmart argued that we should not consider waiver because Fintiv did not object in the trial court that it waived its special appearance. Walmart cites two cases in support of its position that a party cannot assert that the opposing party waived its special appearance for the first time on appeal. *See Haddad v. ISI Automation Int'l, Inc.*, No. 04-09-00562-CV, 2010 WL 1708275, at *2 (Tex. App.—San Antonio Apr. 28, 2010, no pet.) (mem. op.); *Matthews v. Proler*, 788 S.W.2d 172, 175 (Tex. App.—Houston [14th Dist.] 1990, no writ). Those cases are distinguishable. In *Haddad*, the trial court denied Haddad's special appearance, and on appeal, ISI argued that the trial court should be affirmed because of the affidavit supporting the special appearance. *Haddad*, 2010 WL 1708275, at *1. The San Antonio Court of Appeals noted, "The Texas Supreme Court has held that an unverified special appearance does not constitute a general appearance and may be amended any time before the defendant makes a general appearance." *Id.* at *2 (citing *Dawson-Austin*, 968 S.W.2d at 322). It then concluded "that any complaint that a special appearance is not verified must be brought to the trial court's attention to give the moving party an opportunity to cure the defect." *Id.* (citing *PCC Sterom, S.A. v. Yuma Expl. & Prod. Co.*, No. 01-06-00414-

---

[6]After oral argument, the parties submitted supplemental briefs regarding whether Walmart had waived its special appearance by violating Rule 120a's due-order-of-pleading and due-order-of- hearing requirements. *See* TEX. R. APP. P. 38.9(b).

13

CV, 2006 WL 2864478, at *2 (Tex. App.—Houston [1st Dist.] Oct. 5, 2006, no pet.) (mem. op.)).  Unlike *Haddad*, this case does not involve a defect in the form of the special appearance that could be cured by an amendment.  Rather, this case involves Walmart's failure to follow Rule 120a's due-order-of-pleading and due-order-of-hearing requirements.

In *Matthews*, the court of appeals stated in dicta that, "even if Proler's special appearance motion was technically defective, in the absence of an objection by Matthews in the record, he may not raise this point for the first time on appeal." *Matthews*, 788 S.W.2d at 175 (citing *Omniplan, Inc. v. New Am. Dev. Corp.*, 523 S.W.2d 301, 305 (Tex. App.—Waco 1975, no writ)). That said, *Matthews* involved an appeal in which Matthews sought to overturn the trial court's grant of Proler's special appearance and dismissal of Matthews's suit. *Id.* at 173.  As a result, the court of appeals could not reverse the trial court unless the appellate issue had been preserved in the trial court. *See* TEX. R. CIV. P. 33.1(a); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) (per curiam).  By contrast, this case is an interlocutory appeal of the denial of Walmart's special appearance.  Thus, we conduct our own review of the record and make our own legal determinations and conclusions. *Nissan N. Am.*, 592 S.W.3d at 486.  If the record supports the trial court's judgment, we may not reverse the trial court. *See BMC Software*, 83 S.W.3d at 794. For that reason, our review of the record may include an analysis of whether the appellant waived its special appearance by violating Rule 120a's due-order-of-pleading or due-order-of-hearing requirement, even if neither party raised the issue on appeal or at trial.[7] *See Exito Elecs.*

---

[7]Walmart also argues that, since no party argued waiver at trial, the trial court cannot be understood to have rested its judgment on waiver, citing *State v. Allen*, 53 S.W.3d 731, 733 (Tex. App.—Houston [1st Dist.] 2001, no pet.), and *Nguyen v. Watts*, 605 S.W.3d 761, 787 (Tex. App.—Houston [1st Dist.] 2020, pet. filed). *Allen* was a criminal appeal from the granting of a motion to suppress. *Allen*, 53 S.W.3d at 732.  Its application of the rules governing the

14

*Co. v. Trejo*, 99 S.W.3d 360, 367–71 (Tex. App.—Corpus Christi 2003), *rev'd on other grounds*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam).[8]

## 2. Walmart Did Not Comply with Rule 120a's Due-Order-of-Pleading Requirement

As we have previously discussed, Walmart's Objection to the Jurisdiction contained both a motion to dismiss based on the forum selection clause and a special appearance challenging the court's personal jurisdiction over Walmart. In that instrument, Walmart first asserted its motion to dismiss in which it contended that the 2008 NDA applied to Fintiv's suit, that enforcement of the forum selection clause in the 2008 NDA was mandatory, and that the suit must be dismissed. Walmart then asserted its special appearance and contended that the court lacked both general and specific jurisdiction over it for Fintiv's causes of action.

As we have noted, Rule 120a states,

> Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance . . . .

---

review of an order on a motion to suppress has little applicability to a review of an order on a special appearance. Likewise, *Nguyen* was an appeal from a summary judgment order that stands for the proposition that a summary judgment must stand or fall on the grounds raised in the motion and responses filed by the parties in the trial court. *Nguyen*, 605 S.W.3d at 787. This rule governing review of summary judgments is also inapplicable to this case.

  Moreover, "[a] trial court is presumed to know the law . . . ." *In re Agers*, No. 06-10-00020-CV, 2010 WL 1780133, at *4 (Tex. App.—Texarkana May 5, 2010, orig. proceeding) (mem. op.) (citing *Hurst v. Travelers Ins. Co.*, 353 S.W.2d 60, 64 (Tex. App.—El Paso 1961, no writ)). For that reason, we will not assume that the trial court did not base its denial of the special appearance on waiver simply because no party raised the issue.

[8]In its opinion, the Texas Supreme Court noted that "the court of appeals affirmed the trial court's order, but on grounds not raised or argued by the parties." *Exito Elecs.*, 142 S.W.3d at 304. Although it disagreed with the intermediate appellate court's waiver analysis, the court did not fault the court of appeals for engaging in the analysis even though it was not raised or argued by the parties. *Id.*

TEX. R. CIV. P. 120a(1).  Pointing to the second clause of this provision, Walmart argues that, since Rule 120a expressly allows other pleadings and motions to be contained in the same instrument as the special appearance without waiver of the special appearance, and since the other pleadings and motions are deemed subject to the special appearance, the order in which these pleadings appear in the instrument is irrelevant.  *See id.*; *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

However, the quoted provision contains two clauses.  The first clause addresses how a special appearance may be asserted ("by sworn motion") and when it must be asserted ("prior to motion to transfer venue and any other plea . . . .").  TEX. R. CIV. P. 120a(1).  The second clause clarifies that a motion to transfer venue and other pleas, pleadings, and motions may either be contained in the same instrument as the special appearance or filed subsequently to it without waiving the special appearance.  *See Dawson-Austin*, 968 S.W.2d at 322.  Even so, the second clause does not modify the requirement that the special appearance must be made prior to any other plea or motion.

Our sister court of appeals has noted that, if a special appearance is filed in the same instrument as other pleas or motions, "the special appearance must be the first plea made."  *Wuxi Taihu Tractor Co., Ltd. I*, 2014 WL 6792019, at *7 n.5.  Commentators have agreed that Rule 120a requires the special appearance to be pled first.  *See, e.g.*, 3 ROY W. MCDONALD & ELAINE A. GRAFTON, TEXAS CIVIL PRACTICE § 11:91 (2d ed. 2000) ("Under the rule, the special appearance may be incorporated as the first plea of the answer . . . ."); 25 B. THOMAS MCELROY, TEXAS PRACTICE:  CIVIL PRE-TRIAL PROCEDURE, § 863 (1980 ed.) ("[A] plea of privilege or

16

other pleading or motion may be contained in the same instrument as the special appearance motion, which should still precede all other pleadings.").

The Texas Supreme Court has also indicated that, when a single instrument contains a special appearance and other pleas and motions, the special appearance should be pled first. In *Dawson-Austin*, the court noted that Dawson-Austin filed "a motion to quash service, a plea to the jurisdiction, and a plea in abatement, all in the same instrument with the special appearance *and all following the special appearance in the instrument*." *Dawson-Austin*, 968 S.W.2d at 322 (emphasis added). The court characterized this instrument as having "fully complied with Rule 120a." *Id.* at 323. We recognize that, since the special appearance was pled first in the instrument, whether Rule 120a required it to be pled first was not an issue in the case. Nevertheless, the court's specifically noting that the other pleas and motions all followed the special appearance in the instrument and that the instrument fully complied with Rule 120a is some indication that the court recognized that the rule requires the special appearance to be pled first.

Since Walmart pled its motion to dismiss based on the forum selection clause before it asserted its special appearance, we find that Walmart failed to strictly comply with Rule 120a's due-order-of-pleading requirement. For that reason, it was an "appearance . . . . not in compliance with" Rule 120a and was "a general appearance." TEX. R. CIV. P. 120a(1). Because Walmart has entered a general appearance by not strictly complying with Rule 120a, it is subject to personal jurisdiction in Texas courts. *Klingenschmitt*, 342 S.W.3d at 133.

### 3. Walmart Did Not Comply with Rule 120a's Due-Order-of-Hearing Requirement

Even if Rule 120a does not require a special appearance to be pled first when contained in the same instrument as other pleas, pleadings, and motions, Walmart waived its special appearance by failing to strictly comply with the rule's due-order-of-hearing requirement. Rule 120a requires that a party's challenge to the jurisdiction under the rule "shall be *heard and determined* before . . . any other plea or pleading *may be heard*." TEX. R. CIV. P. 120a(2) (emphasis added).

At the initial hearing on the special appearance and motion to dismiss, Walmart argued its challenge to the court's personal jurisdiction first. At the conclusion of its argument, Walmart neither asked for, nor received, a determination of its special appearance. Rather, it immediately argued its motion to dismiss based on the forum selection clause. After Fintiv began its argument and put on one witness, the trial court recessed the hearing at Walmart's request to allow the parties to conduct further discovery. When the trial court conducted a final hearing on the motions nine months later, the parties began afresh.[9] At the final hearing, Walmart chose to first argue its motion to dismiss based on the forum selection clause and urged the trial court both at the beginning and at the conclusion of its motion to dismiss argument that if the trial court agreed that the forum selection clause applied to Fintiv's claims, then the trial court did not

---

[9]Walmart argues that the final hearing on its motion was simply a continuation of the initial hearing. However, the final hearing occurred nine months after the initial hearing, and in the interim, the parties engaged in substantial additional discovery and submitted additional briefing, and Fintiv amended its petition, all of which caused the parties to change the focus of their arguments based on the new facts discovered and the new allegations made. Significantly, Walmart changed the focus of its arguments in the final hearing to its motion to dismiss based on the forum selection clause because of the new discovery and Fintiv's new allegations.

need to consider its personal jurisdiction challenge. Only then did Walmart present its special appearance argument.

Walmart argues that courts routinely consider personal jurisdiction issues in the same hearing as a forum selection clause issue without a court of appeals ever suggesting that the defendant waived its special appearance, citing *In re Bloom Business Jets, LLC*, 522 S.W.3d 764 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). In *Bloom*, the defendant filed both a special appearance and a motion to dismiss based on a forum selection clause in which the parties agreed that all litigation would be brought in Colorado. *Id.* at 767. The trial court heard the special appearance and the motion to dismiss in the same hearing and ruled from the bench that it had specific jurisdiction over Bloom and that certain of the plaintiff's claims were not within the scope of the forum selection clause. *Id.* The trial court also entered a written order denying both the special appearance and the motion to dismiss. *Id.* at 767–68. Bloom filed both an interlocutory appeal of the denial of its special appearance and a separate mandamus petition challenging the denial of its motion to dismiss. *Id.* In the mandamus proceeding, the First Court of Appeals concluded that the trial court had abused its discretion by refusing to enforce the forum selection clause and conditionally granted a writ of mandamus. *Id.* at 771. The court then dismissed Bloom's interlocutory appeal from the denial of its special appearance. *Id.* Since the court of appeals never considered any issues regarding the denial of the special appearance, *Bloom* provides no support for Walmart's argument.[10]

---

[10]Walmart also cites *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 696–97 (Tex. App.—Dallas 2010, no pet.), in support of its argument. However, *Siegmund* was an appeal from the trial court's granting of Siegmund's special appearance and motion to dismiss based on a forum selection clause. For that reason, the court of appeals could not

19

Although Walmart acknowledges that Rule 120a(2) requires that a challenge to personal jurisdiction must be heard and determined before any other plea or pleading is heard, it also argues that by placing its special appearance in the same instrument as the motion to dismiss, the motion to dismiss was subject to the special appearance, regardless of what order they were presented to the trial court. This argument ignores the plain language of Rule 120a(2). The rule requires the special appearance to the heard *and* determined prior to any other plea or pleading being *heard*, regardless of whether those other pleas or pleading are contained in the same instrument or in separate instruments. While we agree that Rule 120a(2) does not prohibit other pleas and motions from being heard in the same hearing as a special appearance, nevertheless, the order in which they are heard and determined is governed by Rule 120a(2).

In *SBG Development Services, L.P.*, one of the defendants filed a special appearance and, subject thereto, special exceptions to the plaintiff's petition. *SBG Dev. Servs., L.P.*, 2011 WL 5247873, at *1. After the trial court granted the special exceptions and an amended petition was filed, the defendant filed a motion to strike the plaintiff's petition and motion for sanctions. *Id.* At a hearing on the special appearance, motion to strike, and motion for sanctions, defendant's counsel told the trial court that he wanted to argue his motion to strike first, then the special appearance, and then the motion for sanctions. *Id.* On appeal from the order granting the special appearance, the court of appeals held that, "by choosing to have his motion to strike heard prior to his special appearance, [the defendant] violated rule 120a's due-order-of-hearing requirement,

---

reverse the trial court on the basis of waiver unless that issue had been asserted in the court of appeals and preserved at trial. *See* TEX. R. APP. P. 33.1(a); *Allright, Inc.*, 735 S.W.2d at 240. *Siegmund* also provides no support for Walmart's argument.

. . . . entered a general appearance and waived his special appearance." *Id.* at *3 (citing *Landry*, 35 S.W.3d at 267–68).

Likewise, in *Landry* the court of appeals held that the defendant had waived his special appearance by arguing another motion prior to obtaining a determination on his special appearance. *Landry*, 35 S.W.3d at 268. In that case, the defendant suffered a default judgment and filed a special appearance and motion for new trial subject to the special appearance. *Id.* at 266–27. At the hearing on both matters, the defendant acknowledged that the special appearance needed to precede the motion for new trial but chose to argue the motion for new trial first before the trial court ruled on his special appearance. *Id.* at 268. Noting that Rule 120a(2) required the special appearance to "*be heard and determined*" before any other motion could be heard, the court of appeals concluded that the defendant "waived his special appearance by arguing his motion for new trial before the special appearance had been determined." *Id.* (citing TEX. R. CIV. P. 120a(2)).

Like the defendants in *SBG Development Services, L.P.*, and *Landry*, Walmart chose to argue its motion to dismiss based on the forum selection clause before the trial court heard and determined its special appearance, telling the trial court, "I'm going to start by talking about the NDAs and the 2008 NDA in particular because I think that that NDA -- if you decide that you agree with us, the 2008 NDA applies here, then there's no reason to go to the issues of general and specific jurisdiction," and "if you decide that the NDAs apply, you don't have to reach general and specific jurisdiction." By doing so, Walmart failed to strictly comply with the requirements of Rule 120(a) and violated its due-order-of-hearing requirement. As a result,

21

Walmart made a general appearance and waived its special appearance. *See* TEX. R. CIV. P. 120a(1); *SBG Dev. Servs., L.P.*, 2011 WL 5247873, at *3; *Landry*, 35 S.W.3d at 268.

Nevertheless, Walmart argues that, since the issues in its motion to dismiss overlapped with its special appearance, it did not request relief inconsistent with its assertion that the court lacked jurisdiction. *See Dawson-Austin*, 968 S.W.2d at 323; *First Oil PLC*, 264 S.W.3d at 778. It argues that, since the forum selection clause was relevant to whether Walmart purposely availed itself of Texas and whether Walmart could have reasonably anticipated being sued in a Texas court in this dispute, Walmart had to explain its understanding of that clause.

We agree that a party may obtain rulings on certain motions related to its special appearance prior to the trial court hearing its special appearance without violating Rule 120a(2). For instance, a party may assert, and obtain rulings on, discovery motions that are related solely to discovery on its special appearance. *See Exito Elecs.*, 142 S.W.3d at 306–07. A party may also assert a motion for continuance of the special appearance hearing without waiving its special appearance. *Dawson-Austin*, 968 S.W.2d at 322. Also, one court of appeals has held that, when a plaintiff amends its petition to add a new party, then files a motion for continuance of the hearing on a defendant's special appearance based on the addition of the new party, the defendant can assert a motion to strike the amended pleadings in opposition to the motion for continuance, since the motion to strike is intertwined with the hearing on the special appearance and the plaintiff's justification for continuing that hearing. *First Oil PLC*, 264 S.W.3d at 777–78. One of the common threads of all those motions is that, under the facts of each case,

obtaining a ruling on the motion was necessary for the proper consideration of the special appearance.

We disagree, however, that Walmart's motion to dismiss was so related to its special appearance that Walmart could violate the due-order-of-hearing requirement without waiving its special appearance. As Walmart acknowledged in its brief, the existence of a forum selection clause is relevant to the purposeful-availment analysis because it may signify that the defendant anticipated suit in another state, but it is not dispositive. *See J.A. Riggs Tractor Co. v. Bentley*, 209 S.W.3d 322, 332 (Tex. App.—Texarkana 2006, no pet.). Rather, it is but one factor of many that a court must consider. *See id*. Walmart could easily convey to the court its understanding of the forum selection clause and how it impacted the purposeful-availment analysis without asserting its motion to dismiss. There was nothing about Walmart's motion to dismiss that required the trial court to consider it before it could properly determine Walmart's special appearance.

We also do not agree that by asserting its motion to dismiss Walmart was not requesting relief inconsistent with its assertion that the court lacked personal jurisdiction. Forum selection clauses allow parties "to contractually preselect the jurisdiction for dispute resolution." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017) (citing *In re AIU Ins. Co.*, 148 S.W.3d 109, 111 (Tex. 2004) (orig. proceeding)). Since "[i]n Texas, forum-selection clauses are generally enforceable[11] and 'should be given full effect,'"[12] forum selection clauses may be

---

[11]*Id.* (citing *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding)).

[12]*Id.* (quoting *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (per curiam)).

23

enforced by a motion to dismiss,[13] irrespective of whether the trial court has personal jurisdiction over the defendant. Thus, when a party asserts a motion to dismiss based on a forum selection clause, it is not challenging the trial court's personal jurisdiction. Rather, it is invoking the court's jurisdiction to enforce the parties' contract to have the dispute heard elsewhere. In this case, because Fintiv asserted statutory and common-law claims against Walmart, rather than contractual claims under the 2008 NDA, the trial court would be required to determine whether Fintiv's noncontractual claims fall within the scope of the forum selection clause based on the parties' intent as expressed in the NDA and Fintiv's substantive factual allegations, whether the 2008 NDA or its terms are operative facts in the litigation of the noncontractual claims and whether, but for the 2008 NDA, Fintiv would not be aggrieved. *See Pinto Tech. Ventures*, 526 S.W.3d at 437–41.

For that reason, in this case, we find that, by asserting its motion to dismiss based on the forum selection clause, Walmart "invoke[d] the judgment of the court on a[] question other than the court's [personal] jurisdiction." *Exito Elecs.*, 142 S.W.3d at 304. By choosing to have its motion to dismiss heard before its special appearance was heard and determined and urging the court that it did not have to consider personal jurisdiction issues if it granted the motion to dismiss, Walmart requested relief inconsistent with its assertion that the court lacked personal jurisdiction and waived its special appearance. *See id.* at 305; *Dawson-Austin*, 968 S.W.2d at 323.

---

[13]*Accelerated Christian Educ.*, 925 S.W.2d at 70; *see Pinto Tech. Ventures*, 526 S.W.3d at 432.

24

On this record, we find that Walmart waived its special appearance. Because the record supports the trial court's ruling, we may not reverse its order denying Walmart's special appearance. *See BMC Software*, 83 S.W.3d at 794. For that reason, we affirm the trial court's order denying Walmart's special appearance.

## III. Walmart's Motion to Dismiss

Even though we affirm the trial court's order denying Walmart's special appearance, Walmart may still be entitled to relief if it has shown that the trial court abused its discretion by denying its motion to dismiss based on the forum selection clause. As noted earlier, the proper mechanism to challenge the denial of a motion to dismiss based on a forum selection clause is a petition for a writ of mandamus. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 675. For that reason, Walmart has requested that we construe its appeal of this issue as a petition for a writ of mandamus and has specifically sought mandamus relief. Under these circumstances, courts of appeal have been directed to treat the appeal as a petition for a writ of mandamus. *CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011).

We issue mandamus "only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). When a trial court "clearly fails to correctly analyze or apply the law," it abuses its discretion. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *see Walker v.*

*Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "Mandamus relief is available to enforce forum-selection agreements because there is no adequate remedy by appeal when a trial court abuses its discretion by refusing to enforce a valid forum-selection clause that covers the dispute." *In re In'l Profit Assocs., Inc.*, 274 S.W.3d at 675 (citing *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231 (Tex. 2008) (per curiam) (orig. proceeding)).

Nevertheless, "[i]t is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief."[14] *Blakeney*, 254 S.W.3d at 661 (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.— Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a). In this case, the only order appealed from was the trial court's order denying Walmart's special appearance. This order did not explicitly deny Walmart's motion to dismiss based on the forum selection clause. *Compare Bloom Bus. Jets, LLC*, 522 S.W.3d at 767–68 (trial court entered a written order denying Bloom's special appearance and motion to dismiss in their entirety, petition for writ of mandamus challenged denial of motion to dismiss). Rather, it stated that it denied Walmart's special appearance to object to jurisdiction without stating a ground for its denial or mentioning the motion to dismiss.[15] Further, there is nothing else in the record that shows that the trial court, by this order, intended to deny Walmart's motion to dismiss. The record does not contain

---

[14]Although the Texas Supreme Court has directed the courts of appeals to review an appeal as a petition for writ of mandamus when the appellant/relator has specifically requested mandamus relief, the determination of the propriety of mandamus relief remains with the courts of appeals. *See CMH Homes*, 340 S.W.3d at 454.

[15]Walmart argues that, since its special appearance to object to jurisdiction requested dismissal on both personal jurisdiction and the forum selection clause, the order denied that pleading in full. Although that may be a reasonable implication from the order, it is in no way the only interpretation. However, mandamus relief requires a record that establishes a *clear* abuse of discretion by the trial court. For that reason, when a relator seeks to overturn a trial court's order, the record should contain, at a minimum, an order that clearly shows the trial court entered the adverse ruling complained of.

26

findings of fact and conclusions of law, and there was no indication by the trial court at the conclusion of the final hearing of what its ruling would be. For that reason, we construe the trial court's order as denying only Walmart's special appearance.

Because Walmart has not provided this Court with a sufficient record establishing a clear abuse of discretion by the trial court, we deny Walmart's petition for a writ of mandamus.[16]

## IV. Disposition

For the reasons stated, and because we construe the trial court's order as denying only Walmart's special appearance, we affirm the trial court's order. Further, because Walmart has not provided this Court with a sufficient record establishing a clear abuse of discretion by the trial court, we deny the petition for a writ of mandamus and remand this case to the trial court for further proceedings.

Scott E. Stevens
Justice

Date Submitted: May 26, 2021
Date Decided: August 13, 2021

---

[16]We express no opinion as to the merits of Walmart's petition for a writ of mandamus. Nothing in this opinion bars Walmart from filing a petition for a writ of mandamus if, and when, it obtains an adverse order from the trial court on its motion to dismiss.